**HARRISON v. TRADEE AND WIFE.**

CONSTITUTIONAL LAW—*Writs of Error, Clerks may issue.*—*Chapter* 124, *Gould's Digest,* regulating the issuance of Writs of Error, is not in conflict with the present Constitution, and so much thereof, as has not been repealed by subsequent legislation, is in force, and the clerk of this court is authorized to issue such writs in vacation, as well as in term time.

ERROR TO PHILLIPS CIRCUIT COURT.   MOTION TO QUASH WRIT OF ERROR.

*Watkins & Rose* and *Palmer & Sanders,* for Plaintiff.
*English, Gantt & English,* for Defendants.

BENNETT, J.—On the 1st day of June, 1870, when this court was not in session, and without an order of court, the clerk issued a writ of error to Phillips county Circuit Court, upon which the transcript, in the above entitled cause, has been returned.   The defendants have filed a motion to quash the writ and strike the case from the docket; because, *First,* there is no law authorizing the clerk of this court to issue a writ of error.   *Second,* Said writ was issued by the clerk of this court, June 1st, 1870, when the court was not in session, without an order of the court, and without authority of law.

*Section* 4, *Art. VII,* of the new Constitution, provides: "The Supreme Court shall have general supervision and control over all inferior courts of law and equity.   *It shall* have power to issue *writs of error,* supersedeas, certiorari, habeas corpus, mandamus, quo warranto and other remedial writs, and to hear and determine the same.   Trial judgment, in the inferior courts, may be brought by writ of error or by appeal, into the Supreme Court, in such manner as may be prescribed by law."

*Article* 15, *section* 16, of the Constitution says: "All laws of the State, not in conflict with this Constitution, shall remain in full force until otherwise provided by the General Assembly or until they expire by their own limitation."

*Section* 859 *Chapter* 1, of the Code of Practice provides: "The mode of bringing the judgment or final order of an inferior

court, to the Supreme Court for reversal or modification, shall be by appeal, which shall be granted as a matter of right."

We cannot say that the Legislature, by the above enactment, intended to abolish the writ of error; even if it had done so, it would have been a futile attempt, inasmuch as the Constitution has given this court the power to issue it, that power would have been exercised in all proper cases; and had the Legislature failed to provide a manner for reaching this court by that writ, it could, and would have made its own rules for the exercise of that power.

But we are not left in that dilemma. As has been seen by the 15th *Article*, 16th *section*, "that all laws not conflicting with it are in force." The old statute, in Gould's Digest, regulating the issuance of writs of error, not being in conflict with any part of the Constitution, is in force, or so much of it as has not been repealed by subsequent legislation. Some portion of this statute has been repealed, as for instance, *section* 879 of the Civil Code says : "No written assignment of error shall be necessary, but the judgment may be reversed or modified for any error appearing in the record, to the prejudice of the appellant."

This repeals *section* 26, *of chapter* 124, of *Gould's Digest*, and it is not necessary to make any written assignment of error, as was the practice under the old law. Having decided that the old statute is in force, section one of that law fully answers the second proposition, as raised by the defendants in error. It says : "Writs of error, upon any final judgment or decision, of any Circuit Court, shall issue, of course, in all cases, out of the Supreme Court, in vacation, as well as term time," etc. Shall issue *out* of the Supreme Court, *by order of*—; issue as any other writ or summons, subject to the regulations prescribed by law.

Motion to quash overruled.