DESHAY *v.* STATE.

Opinion delivered November 9, 1901.

CRIMINAL LAW—WRIT OF ERROR—LIMITATION.—Under act of March 6, 1899, providing that an appeal or writ or error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed, etc., a writ of error sued out in a criminal case after the year had expired will be quashed on motion.

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

*Gustave Jones* and *M. M. Stuckey,* for appellant.

*G. W. Murphy, Attorney General,* for appellee.

BATTLE, J. The final judgment in this cause was rendered on the 17th day of January, 1900, and a writ of error was issued on the 1st day of April, 1901. The state, by her attorney general, moves this court to quash the writ because it was issued more than one year after the rendition of the final judgment.

Section 859 of the "Code of Practice in Civil Cases" in this State provides: "The mode of bringing the judgment or final order of an inferior court to the supreme court for a reversal or modification shall be by appeal, which shall be granted as a matter or right." The "Code of Practice in Criminal Cases" provides that a final judgment may be brought by appeal before the supreme court for review in the mode prescribed by it. But this court held, in *Harrison* v. *Tradee,* 27 Ark. 59, that the legislature could not,

* *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236.

and the code did not, abolish writs of error, because the constitution of 1868 ordained that this court should have the power to issue such writs, and that "final judgments in the inferior courts may be brought by writ of error, or by appeal, into the supreme court in such manner as may be prescribed by law." And it was further held in that case that so much of chapter 134 of Gould's Digest as has not been repealed by subsequent legislation was still in force, the codes not having provided for the issuance of writs of error.

Sections 1, 2 and 3 of that chapter are as follows:

"Sec. 1. Writs of error upon *any final judgment* or decision of any circuit court shall issue of course in all cases out of the supreme court in vacation as well as in term time, subject to the regulations prescribed by law.

"Sec. 2. All writs of error upon *any judgment* or decision of any of the circuit courts of this state shall be brought within three years after the rendition of such judgment or making of such decision, and not after.

"Sec. 3. If any person who may be entitled to a writ of error shall be within the age of twenty-one years, a married woman, of unsound mind, imprisoned, or absent from the United States, such person may sue out such writ of error at any time within three years after such disability is removed."

These sections are a part of the Revised Statutes of the state of Arkansas. The same statutes regulated the practice in the supreme court in cases in which the final judgment in criminal causes were taken to that court by writs of error, to the extent such cases required a practice which was not provided for by chapter 52 of Gould's Digest. But the time within which the writ should be issued was not prescribed by any statute except as we have stated. The statute providing that all writs of error upon any judgment should be issued within three years after the rendition of such judgment, and not after, was sufficiently broad to include all judgments and writs, and was not limited or confined by the Revised Statutes to any class of cases, civil or criminal. There was no reason for prescribing a period of limitation in the former class and none in the latter; and, there being no reason for such discrimination, we conclude none was intended.

By an act approved March 21, 1871, the legislature authorized the governor of this state to appoint one suitable person to revise, rearrange and digest the statute laws of this state, both civil and criminal, which were in force, and authorized such person, when

appointed, to omit from his digest redundant enactments, and to so arrange and digest the statutes as to present but one law upon any subject, and in so doing to reject superfluous words, and to condense "into as concise and comprehensive a form as may be consistent with a full and clear expression of the will of the legislature any circuitous, tautological or ambiguous phraseology."

Among the statutes to be digested were sections 1, 2, and 3 of chapter 134 of Gould's Digest, copied above, and sections 859 and 867 of the Code of Practice in Civil Cases, which are as follows:

"Sec. 859. The mode of bringing the judgment or final order of an inferior court to the supreme court for a reversal or modification shall be by an appeal, which shall be granted as a matter of right, either by the court rendering the judgment, on motion made during the term at which it is rendered, or by the clerk of the supreme court in term time or in vacation, on application of either party.

"Section 867. An appeal shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind at the time of its rendition, in which cases an appeal may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen."

The digester was appointed, and he entered upon the discharge of his duties, as defined by the act of March 21, 1871. He digested sections 1, 2 and 3 of chapter 134 of Gould's Digest and sections 859 and 867 of the code as follows:

"Section 1056. The mode of bringing the judgment or final order of an inferior court to the supreme court for a reversal or modification shall be by appeal or writ of error.

"Section 1057. The appeal shall be granted as a matter of right, either by the court rendering the judgment or order, on motion made during the term at which it is rendered, or by the clerk of the supreme court in term time or in vacation, on application of either party."

"Section 1066. An appeal or writ of error shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind at the time of its

S C—40

rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen." Gantt's Digest.

These sections, 1056, 1057 and 1066, have been incorporated in all subsequent digests of the laws of this state, and are, respectively, sections 1017, 1018 and 1027 of Sandels & Hill's Digest. The last section, which fixed the time within which appeals or writs of error shall be granted, was amended by an act entitled "An act to regulate the time in which appeals and writs of error may be taken to the supreme court," approved March 16, 1899. It amended that section by saying: "That section 1027 of Sandels & Hill's Digest be amended so as to read as follows: An appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed," etc.

We have seen that section 2 of chapter 134 of Gould's Digest fixed the time in which writs of error can be granted in civil and criminal cases. It and section 867 of the code were consolidated by the digester under the act of March 21, 1871, and form section 1027 of Sandels & Hill's Digest, which, by force of the consolidation, prescribes the time within which writs of error can be sued out in criminal cases, and that time, under the section, as amended, is one year next after the rendition of the judgment sought to be reviewed.

In the case before us the writ was sued out after the one year had expired, and should be quashed; and it is so ordered.