MARY PATERIE *vs.* JOSEPH C. DAVIGNON *et al.*

MARCH 13, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Writs of Error.   District Courts.   Record.*

The writ of error to review rulings or decisions of a district court, is the common law writ of error, which brings up the record for inspection, to enable the court to affirm or reverse the judgment of the inferior court upon questions of law only.   Under such writ an alleged error which does not appear upon the face of the record cannot be considered, and cannot be presented extrinsically by affidavits.

*(2)   Writs of Error.   Record.   Presumption of Legality.*

Upon a writ of error, where nothing to the contrary appears upon the record, the court will presume that the action of an inferior court in removing a judgment by default under Gen. Laws, 1909, cap. 294, § 2, was taken after there had been presented to it legal cause therefor sufficient to move its judgment.

*(3) Writs of Error. Final Judgment.*

As a writ of error lies only to a final judgment, it cannot be invoked to review the action of a district court in removing a judgment by default under Gen. Laws, 1909, cap. 294, § 2, since such action is merely interlocutory.

WRIT OF ERROR. Writ issued and upon hearing, dismissed.

SWEETLAND, J. This is a petition for a writ of error to be directed to the district court of the eleventh judicial district. A writ of error has issued and said district court under its seal has sent to us for inspection the record and proceedings in said district court in the case of Mary Paterie against Joseph C. Davignon and Emma Davignon.

By said record it appears that on August 25, 1915, Mary Paterie commenced in said district court an action of trespass on the case against Joseph C. Davignon and Emma Davignon; that on the return day of the writ said case was unanswered by the defendants; that on September 16, 1915, the defendants were defaulted and that on September 30, 1915, judgment was entered in said case in favor of the plaintiff against the defendants. It further appears that on December 16, 1915, on motion of the defendants said court removed the judgment entered by the default of the defendants and reinstated said case for trial. It is of this last mentioned action of said district court that the petitioner complains, and here seeks a reversal.

Chapter 294, § 2, General Laws, 1909, provides as follows:

"Sec. 2. In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

Under this statutory provision said district court had jurisdiction on December 16, 1915, for cause shown to re-move the judgment by default previously entered in said case. The plaintiff in error claims that said district court acted without sufficient legal cause. By means of affidavits she has sought to show to us what took place at the hearing on defendants' motion to remove the default and the evidence presented in said district court at that hearing. We cannot receive said affidavits. Under our practice an alleged error in the rulings or decisions of a district court cannot be brought to this court for review by a bill of exceptions. We have said that such alleged error is reviewable by us upon a writ of error. The writ of error, however, which this court may issue is the common law writ of error. The province of such writ is to bring the record of an inferior court before us for inspection and to enable us to affirm or reverse the judgment of that court upon questions of law only. Under the writ we cannot consider an alleged error which does not appear upon the face of the record. Such error cannot be presented to us extrinsically by means of affidavits. In the absence of anything to the contrary appearing upon the record we must presume that the action of the district court removing the default was taken after there had been pre-sented to it legal cause therefor sufficient to move its judg-ment. Furthermore, a writ of error will lie only to a final judgment. The action of the district court of which the plaintiff complains is merely interlocutory and the final decision or judgment of that court may yet be rendered in favor of the plaintiff.

The writ of error is dismissed. The record and proceed-ings in the original cause which have been sent to this court for inspection are remitted to said district court of the eleventh judicial district.

*Julius Ousley*, for petitioner.

*Elphige J. Daignault*, for respondents.