DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

STATE OF NEW JERSEY,

NOVEMBER TERM, 1887.

---

PETER OBERG ET AL., PLAINTIFFS IN ERROR, v. PETER B. BREEN, EXECUTOR, DEFENDANT IN ERROR.

Books of account of a merchant are not evidence in his own favor with respect to payments credited in them to his customer.

---

On error to Passaic Circuit Court.

For the plaintiffs in error, *T. C. Simonton, Jr.*

For the defendant in error, *Robert Williams.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit on a book of account, which was admitted to be barred by the statute of limitations unless the plaintiff's book of account was evidence of payments on such claim by the deceased. The last item on the debit side of the account was of the date of August 8th, 1877, and the writ issued on the 28th October, 1886. To bridge over this long period the book contained a numerous

train of credits of moneys paid.   The book was proved as a
book of original entries and was offered to prove the account
and the credits.   It was rejected at the trial as evidence for
the latter purpose.

This decision, in my opinion, was clearly right.   A man's
book is not testimony in his own favor, touching the receipts
of money by him.   By immemorial usage·a person's own
books have, for certain defined purposes, become legal evi-
dence recognized by repeated decisions of the courts of this
state.   They are legitimate *prima facie* evidence to show the sale
and delivery, in the usual course of business, of personal prop-
erty and its price, and of work and labor performed and the
sums due for such services.   Thus far the rule that a man can-
not put in evidence his own written memoranda has been abro-
gated, the reason of such infringement of the common law
principle being that it was a necessity in the transaction of
certain classes of business.   It has, however, never been
authoritatively declared in this state that these entries have
any evidential force beyond these functions.   It is true that
it was said in the opinion read in the Court of Errors in
the case of *Inslee* v. *Prall*, 1 *Dutcher* 665, that such books,
when there have been mutual dealings between the parties,
are competent evidence to prove the payment of money when
such money has been paid on account of claims that might be
proved by books of account, but this was an expression en-
tirely *obiter*, for no such question was present in the record,
and the contrary view was supported in the Supreme Court
by a weight of argument which has always seemed to me to
be well-nigh irresistible.

But be this as it may, it has never been judicially indicated,
so far as it is remembered, that a credit given by a trader to
his customer is evidence in his own favor.   No reason is per-
ceived why it should have·such force.   As a mere memo-
randum showing the state of the account and being devoid of
all value as testimony in a court of justice, it answers all the
purposes of the merchant keeping the books; and, as to the
customer, the entry is of small importance to him, as, if a man

of ordinary prudence, when he pays money he does the act by a check or takes a receipt. There is no ground, therefore, for contending that entries of this character are so highly convenient in the course of trade in this department as to be a necessary concomitant to it.

The books were not admissible evidence for the purpose for which they were offered.

The foregoing conclusion makes it unnecessary to consider the alternative question discussed in the briefs of counsel.

The judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, MCGREGOR, PATERSON, WHITAKER. 11.

*For reversal*—None.