TRENTON BANKING COMPANY, ADMINISTRATOR, ETC., RESPONDENT, v. JOHN C. RITTENHOUSE, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

1. In an action to recover on an account twenty-three years old partial payments were made, the first more than six years after the date of the last sale and entry thereof in the creditor's books, and the last within one year before suit brought; each payment being made by check enclosed in a letter stating it was on account and that more would be sent later. *Held,* sufficient to remove the bar of the statute of limitations.

2. Assignments of error—grounds of appeal under our present practice—are in the nature of a declaration, to which the respondent at common law might plead or demur.
3. Repetitious and superfluous grounds of appeal (assignments of error in criminal cases) are subject to a motion to strike out.
4. Grounds of appeal (or assignments of error) which are unscientific and repetitional in character should not be filed.

On appeal from the Supreme Court.

For the appellant, *Wall, Haight, Carey & Hartpence* and *Hervey S. Moore.*

For the respondent, *William E. Blackman.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is a suit in the New Jersey Supreme Court on a book account for groceries sold by the plaintiff's decedent to the defendant, to which the defendant pleaded the statute of limitations. The case was tried at Circuit before Lloyd, J., without a jury, on an agreed state of facts which sufficiently appear in his opinion, which is as follows:

"This case was heard upon stipulation of facts and presents the single question of their sufficiency to remove the bar of the statute of limitations pleaded by the defendant.

"The stipulation is, 'that in 1895 there was due [the plaintiff] on a grocery account the sum of $747.79, and there was paid on that account, March 22, 1907, $10.00; Oct. 1, 1913, $25.00; June 4, 1915, $5.00; April 14, 1916, $5.00.'

"The proofs consist of letters accompanying the payments in which the defendant uniformly promised further payments on account. In 1917 he wrote plaintiff's counsel in reply to a communication, 'Enclosed find check to apply on account of Charles W. Reed.'

"The tenth section of the statute of limitations provides that no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract unless in writing, coupled, however, with the proviso that nothing

therein should alter or take away or lessen the effect of any payment of any principal or interest.

"Whether the writings standing alone are sufficient to revive the debt it is not necessary to decide. Taken in connection with the payments, I have no doubt of such sufficiency. It was well settled before the passage of the act that payments on account had the effect of creating a new obligation, provided the debt be identified as one larger in amount than the payments involved, and that same rule of law exists since the passage of the act. *Vaughn* v. *Hankinson,* 35 *N. J. L.* 79; *Romaine* v. *Corlies,* 47 *Id.* 108.

"In the former of the two cases cited Chief Justice Beasley denied the sufficiency of payments of money, standing alone, to revive an entire book account, but uses this language: 'Upon turning to the decisions it will be found that the part payment which will operate to remove the bar of the statute must be in part payment of a larger debt known to the party.' In the latter case Mr. Justice Van Syckel held that payments with knowledge were sufficient to revive the claim of a book account, the justice saying: 'It must appear that the payment is made only as part of a larger debt, for, in the absence of such evidence, it will be deemed an admission of no more indebtedness than it pays. While, therefore, the parol promise to pay the balance of the debt is not effective, as a new promise, to take the claim out of the statute, it is competent to show that the debtor intended to apply the payment as in part satisfaction only of a larger claim than recognized by him as subsisting and unpaid.'

"In the case before me the debt is established by the stipulation. It was a grocery account, recognized in all its integrity when the defendant agreed to the stipulation. On it he paid various sums of money down to within two years of bringing suit. Both the stipulation and the letters show the payments to be in recognition of a larger debt. That the exact figures of the claim were all along known to the defendant is a fair inference from the admissions in the stipulation and the nature of the charges. The latter were no doubt for necessaries furnished him upon his order of which

he would justly be presumed to be fully cognizant as to the articles and prices. The stipulation as to the exact figures leads to no other conclusion. If he knows them now he must have known them when he contracted the debt, for no other source of information is disclosed in the case.

"While the statute is one of repose, intended to protect honest debtors from the payment of stale claims where the evidence to refute them may be supposed to be lost or destroyed, it is not to be used to defeat an admittedly honest claim where the debtor, knowing of its existence admits the claim to be correct, pays sums of money on account and repeatedly promises in writing to make additional payments thereon."

The judgment under review will be affirmed, for the reasons stated by the judge at Circuit. There is, however, a matter of practice apparent upon the face of this record which should be noticed. It concerns the grounds of appeal filed by the defendant-appellant.

In this case the Supreme Court was the court of first instance, the suit having been commenced there, and was tried at Circuit, with judgment entered in the Supreme Court on the *postea;* therefore, the appellant was not confined to the single ground of appeal that the Supreme Court erred in giving judgment for his adversary instead of for himself, as may only be properly done where the Supreme Court sits as a reviewing tribunal and its judgment is brought here on a second appeal, as in *Thompson* v. *East Orange,* 94 *N. J. L.* 106, but the appellant might here state as grounds of appeal from the Supreme Court all errors alleged to have been made at the trial, as the Supreme Court was the court of first instance. Now, when this case was submitted, the defendant requested the court to make four several findings—(1) that the payments on account did not have the effect of reviving the claim; (2) that the statute of limitations ran against the account six years after the date of the last item, and that none of the payments on account had the effect of reviving the claim; (3) that the account sued on was barred by the statute

of limitations, and (4) for judgment in favor of defendant and against the plaintiff.

While the first three requests to find could, and properly should, have been stated as one, as they involved a single question, namely, the statute of limitations, it is to be noted that counsel for appellant in their brief correctly state that the grounds of appeal in the state of the case *collectively* present to this court *the* legal question involved on the trial, and that the *sole* issue presented was, whether or not payment made after a lapse of six years had the effect of reviving the account, and that no other question arose on the trial. The judge, also, as seen above, observed in his opinion that the case presented the single question of the removal of the bar of the statute of limitations.

Turning now to the state of the case we find that the defendant-appellant filed eighteen grounds of appeal. Now, it must be perfectly obvious that in the decision of a *single* question a judge could not make eighteen errors, but only *one*. The first ground of appeal specified is, that the Supreme Court gave judgment in favor of the plaintiff and against the defendant. The appellant then goes on and restates that same proposition four times in different formulæ, namely, in the second, third, sixteenth and seventeenth grounds. The fourth ground of appeal is that the trial court found that the statute of limitations did not operate to bar plaintiff's claim against defendant. That was sufficient upon which to review the judge's finding upon the only question involved in the suit. But the defendant-appellant restates that same proposition eight times in different formulæ, namely, in the fifth, sixth, seventh, ninth, twelfth, thirteenth, fourteenth and fifteenth grounds. The eighth ground of appeal is that the trial court erroneously found that there was a stipulation recognizing and establishing the account sued on in its entirety and integrity. The defendant-appellant restates the same proposition twice in different formulæ, namely, in the tenth and eleventh grounds. The eighteenth and last ground of appeal is that the judgment of the Supreme Court is in divers other respects erroneous and should be reversed, &c. This, as a

ground of appeal, is invalid, as it points out no error, but, as a pleading to reverse the judgment, it is not improper.

Assignments of error (grounds of appeal under our present practice) are in the nature of a declaration. *Tidd Prac.* *1168. To it the defendant at common law might plead or demur—move to strike out under our present practice. The common plea, or joinder, as it is more frequently called, that there is no error in the record or proceedings, at once refers the matter of law arising thereon to the judgment of the court. *Id.* *1173. Demurrer, under the common law practice, was the proper way to take advantage of defects in pleading errors. *Freeborn* v. *Denman,* 7 *N. J. L.* 190. But, even under the common law practice, if the repetitions and superfluities here present, appeared in a declaration, they were not the subject of demurrer but of a motion to strike out as vexatious. 1 *Chit. Pl.* *288. Under the present practice they would of course be subject to a motion to strike out.

In this case it is conceived that two grounds of appeal might properly have been filed in this court alleging errors to have been committed in the Supreme Court, the court of first instance, as the appeal was taken directly from that court to this court. Those grounds would be (1) that the Supreme Court erred in finding that the statute of limitations did not bar the account sued on, and (2) that the Supreme Court erred in giving judgment in favor of the plaintiff and against the defendant, whereas it should have given judgment in favor of the defendant and against the plaintiff.

As proper ground of appeal resides in the eighteen grounds that were filed, and as this case has been considered on its merits, an affirmance is reached, as above stated, on the question of law involved.

As this case is typical of a considerable number of others encountered term after term, attention is directed to the unscientific and repetitional character of the grounds of appeal which have been filed (which would be assignments of error in criminal cases), in the expectation on the part of the court that counsel will abandon the practice and hereafter file only

one ground (or assignment) on each alleged error. See, also, *McGann Co.* v. *New Jersey Novelty, &c., Co. et al., post p.* 481, and *City of Atlantic City* v. *Farmers Supply, &c., Co., post p.* 504, decided at this present term of this court.

· *For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.  15.

*For reversal*—None.