JOHNSON *v.* MEADE'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—ADMISSIONS—CONTRACTS—EVI-
DENCE—SUFFICIENCY.
   Evidence of admissions and declarations against interest by de-
   ceased, supported by other evidence, *held,* sufficient to justify
   submitting to jury question of deceased's contractual liability
   to pay plaintiff for board and care of their mother.

2. TRIAL—DIRECTED VERDICT.
   On defendant's motion for directed verdict, evidence is taken in
   light most favorable to plaintiff.

3. LIMITATION OF ACTIONS—PART PAYMENT.
   Evidence of payment of certain sum by deceased to plaintiff,
   together with other evidence that thereafter deceased at-
   tempted to raise substantial amount for purpose of paying

As to whether payment on account removes or tolls statute of limitation, see annotation in 36 A. L. R. 346.

plaintiff was sufficient to show part payment, applied generally on whole debt for plaintiff's services, taking claim therefor out of statute of limitations (3 Comp. Laws 1915, §§ 12323, 12331, 12335).

4. Same—Application of Payment.

That exact amount remaining unpaid on claim for services was not determined at time payment thereon was made is not important, as regards taking claim out of statute of limitations, where debt was sufficiently identified and payment applied.

5. Husband and Wife—Wife's Services.

Under evidence showing that plaintiff's husband consented to an arrangement whereby she was to be paid for her services, she was entitled to recover therefor, although as to part of contractual period he would have been entitled to her services (3 Comp. Laws 1915, § 11478).

Error to Ionia; Hawley (Royal A.), J. Submitted October 15, 1930. (Docket No. 84, Calendar No. 35,093.) Decided December 2, 1930.

Claim filed by Weltha Johnson against the estate of Albert Meade, deceased. From allowance of claim in probate court, defendant appealed to circuit court. From verdict and judgment in favor of plaintiff, defendant brings error. Affirmed.

*F. C. Miller* and *Watt & Colwell,* for plaintiff.

*Glenn D. Mathews,* for defendant.

Clark, J. Plaintiff filed claim against the estate of her deceased brother, Albert Meade, for board and care of their mother over a period beginning January 1, 1891, and ending January 1, 1911, when the mother died. The statement gives credit, April, 1928, for $200, and claims remainder, $3,700, which was allowed in the probate court.

On appeal the cause was tried to a jury who returned a verdict of $2,000, on which judgment was entered.

The estate brings error.

1. There is ample evidence, common to cases such as this, of admissions and declarations against interest by Mr. Meade, and this, supported by other evidence of his acts and conduct tending to show recognition of obligation, sustains the trial judge in submitting to the jury the question of contractual liability to pay for the board and care of the mother.

2. The important question is on the statute of limitations, 3 Comp. Laws 1915, § 12323. It was raised on motion to direct verdict, so facts are taken in light most favorable to claimant. Between January, 1911, and April, 1928, no payment was made on this claim, and no new promise in writing is shown. 3 Comp. Laws 1915, §§ 12331, 12335. In April, 1928, the claim had been outlawed many years. In April, 1928, Mr. Meade handed claimant some money. The record is not very clear as to the amount, but it was accepted by the trial court and by counsel on both sides as showing $200. Of this occasion a witness testified:

"*Q.* Was your mother (claimant) present and Al (Albert Meade) present?

"*A.* They were.

"*Q.* They were both present there?

"*A.* Yes.

"*Q.* She had the money yet in her hand?

"*A.* Yes.

"*Q.* A lot of bills you say?

"*A.* Yes; paper money.

"*Q.* What?

"*A.* A roll of paper money. I didn't count it.

"*Q.* What next did your mother say, or what did your mother say, if anything, at that time to Al, do you recall?

"*A.* She said that he had brought her the money, and a little while afterwards she said, 'That wasn't all you meant me to have, was it, Al?' He said,

'No.' He kind of smiled. 'I will see that you are well paid.' "

This testimony was construed correctly, we think, by the trial judge, quoting from the charge:

"There is no statement by the deceased as to what it was for, except in this way, * * * she testified that her mother asked him if that was all that she was to receive and he told her 'No' or used that language in substance and gave her to understand that that was not all, that there was to be more."

This testimony may be viewed in the light of other evidence, notably, that soon thereafter Mr. Meade sought to raise and have $2,000 for the purpose of paying claimant. Respecting the payment, the jury was properly instructed:

"Now, it is necessary for the claimant to establish by the preponderance of the evidence, and the burden of proof is upon her to establish in respect to this payment or alleged payment the following facts:

"First, that the payment was actually made; that the sum of $200 was actually paid;

"Second, that it was paid upon a certain specific debt;

"Third, that such debt was the one involved in this case; and,

"Fourth, that this payment was applied by the deceased himself upon this debt as a part payment thereof and that he intended at the time that he made the payment that it should be applied generally upon the entire account between him and his sister from the beginning of the performance of the service."

The evidence is not that the $200 was a gift, rather it indicates payment, and on a debt, as part

payment, to be applied generally on the whole debt or demand, and there is evidence of no other debt. The evidence justifies the finding for claimant on the quoted instruction. Nor do we think it important that the exact amount remaining unpaid was not determined. The debt was sufficiently identified and payment applied. 37 C. J. pp. 1102–1146. *Trenton Banking Co.* v. *Rittenhouse,* 96 N. J. Law, 450 (115 Atl. 443, 36 A. L. R. 343), and note 36 A. L. R. 346; *Fuerbringer* v. *Herman,* 225 Mich. 76.

3. It is urged that the husband was entitled to the wife's services (1891 to 1911, prior to Act No. 196, Pub. Acts of 1911, 3 Comp. Laws 1915, § 11478), and, hence, she could not recover.

The instruction on this point was:

"It is upon her (claimant) to establish that her husband knew that she was to receive the pay and all the pay that was to be given for such services and that he acquiesced or consented to such an arrangement, and, further, to show that the deceased himself knew that he was to pay her and not to pay the husband for the services that she individually rendered."

There is ample evidence to support both elements of the instruction. The record shows express consent and acquiescence of the husband and also circumstances from which it might be implied. *Burns* v. *Kieley's Estate,* 242 Mich. 668. The other element has already been discussed.

Discussion of the other assignments will add to this opinion nothing useful. They present no reversible error.

Judgment affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.