LOSEY v. WETTERS.

1. NEGLIGENCE—AUTOMOBILES—ADULT GRATUITOUS PASSENGERS—IMPUTED NEGLIGENCE.

   In action against motorist whose truck overtook and passed beer truck in which plaintiff's decedent, an adult member of a lodge drum and bugle corps was being transported gratuitously, negligence of driver of beer truck *held,* imputable to decedent.

2. APPEAL AND ERROR—DIRECTED VERDICT—TESTIMONY—INFERENCES.
   On motion for directed verdict, the testimony and inferences to
   be drawn from established facts most favorable to the party
   against whom the verdict is sought to be directed, must be
   accepted.

3. AUTOMOBILES—TRUCKS—SPEED—PROXIMATE CAUSE.
   Whether proximate cause of accident was alleged excessive speed
   of overtaken truck in which plaintiff's decedent was riding
   when defendant's truck overtook and, because of oncoming car,
   cut in so closely as to force overtaken truck to leave pavement
   and subsequently overturn, *held*, question for jury (1 Comp.
   Laws 1929, §§ 4706, 4707 and § 4766, as amended by Act No.
   253, Pub. Acts 1933).

4. SAME—CONTRIBUTORY NEGLIGENCE—OVERTAKEN TRUCK—QUES-
   TIONS FOR JURY.
   Questions as to how far overtaken truck, in which plaintiff's de-
   cedent was riding, traveled on pavement before overtaking
   truck allegedly turned in too quickly and forced overtaken
   truck off pavement and how far it then traveled before over-
   turning, which questions bore on matter of contributory negli-
   gence imputable to plaintiff's decedent, *held*, for jury (1 Comp.
   Laws 1929, §§ 4706, 4707 and § 4766, as amended by Act No.
   253, Pub. Acts 1933).

5. SAME—NEGLIGENCE—OVERTAKING TRUCK—QUESTION FOR JURY.
   Negligence of driver of overtaking truck in allegedly turning in
   too suddenly in front of overtaken truck because of oncoming
   car from opposite direction *held*, for jury (1 Comp. Laws 1929,
   §§ 4706, 4707 and § 4766, as amended by Act No. 253, Pub.
   Acts 1933).

Appeal from Bay; McCormick (James L.), J. Submitted October 14, 1936. (Docket No. 106, Calendar No. 39,197.) Decided December 28, 1936.

Case by Alta M. Losey, administratrix of the estate of Lloyd Losey, deceased, against Virgil Wetters for negligent killing of plaintiff's decedent in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Rosenburg & Painter* and *Leslie & Denton* for plaintiff.

*Crane & Crane* and *Frank C. Patterson,* for defendant.

SHARPE, J. This is an action brought by Alta M. Losey as administratrix to recover damages under the death act (3 Comp. Laws 1929, §§ 14061, 14062) for the death of her husband, Lloyd Losey, who was fatally injured in an automobile accident which occurred June 30, 1934, at about 5:20 p. m. on US–23 about one and a half miles north of Bay City, Michigan.

The plaintiff's decedent together with 22 other members of the drum and bugle corps of the Eagles Lodge of Jackson, Michigan, made arrangements to and did secure a Dodge beer truck to transport them to Alpena to attend an Eagles convention. The truck was secured from Benjamin Haehnle and Jay Huntington was the driver. Nothing was paid for the use of the truck nor were any wages paid to the driver. The party left Jackson about noon and arrived in Bay City close to 5 p. m. where a stop was made to purchase meat and bread. When the truck left Jackson it contained a small keg of beer and some lunches.

When the truck left Bay City it proceeded in a northerly direction upon the highway known as US–23, also known as Euclid avenue. It proceeded upon this highway to a point where the road curved to the north in a long sweeping curve about a half mile long. About this time the defendant's Ford truck was approaching from the rear and in attempting to pass the Dodge truck, which was traveling at a rate of speed estimated to be 30 to 35 miles per hour, the Ford truck cut in front of the Dodge, but without hitting it. As a result, the driver of the Dodge truck,

to avoid hitting the Ford, turned somewhat to his right and went off of the paved highway, traveled for some distance upon the shoulder of the road, and overturned. Plaintiff's decedent received injuries from which he died.

It is plaintiff's claim that at the time of the passing of the trucks all of the occupants in the Dodge truck, with the exception of one, were sitting down; that immediately prior to the passing of the trucks there was a Chevrolet car approaching from the north; that when the Ford truck was abreast of the Dodge truck, the Chevrolet car was at a distance from 70 to 150 feet away; that there was another car ahead of the Dodge truck going in the same direction; that the driver of the Ford truck cut to his right directly in front of the Dodge and came within a foot of the Dodge causing the Dodge to go off on the shoulder of the road, which was sandy and soft, for a distance of between 80 and 400 feet before it tipped over into a ditch.

It is contended by the defendant that at the time of the passing of the trucks, there was no car approaching from the north for a distance of a third of a mile; that the Ford truck passed the Dodge truck in a proper manner; that at the time of the accident, the day was clear, visibility good, the pavement dry, the road straight and level except for a slight rise to the north over a third of a mile from the scene of the accident; that the Dodge truck left the cement part of the pavement 900 feet north of where the curve ends and the disabled truck was located 1,077 feet north of the north end of the curve; that after the Ford truck passed the Dodge truck, it (the Dodge truck) proceeded in the same direction at an excessive rate of speed for a space of 500 to 1,000 feet;

and that the accident was caused by the improper driving of the Dodge truck.

Plaintiff had verdict and judgment for $1,500. Defendant made a motion for a new trial and for judgment notwithstanding the verdict. The trial court denied the motions. Defendant appeals.

In this cause there appears to be no question but that plaintiff's decedent was a gratuitous passenger and, being over 21 years of age, the driver's negligence is imputable to him.

We agree with the trial court in his denial of the motion for a directed verdict.

"On a motion for a directed verdict testimony and legitimate inferences to be drawn from established facts most favorable to the party against whom the verdict is sought to be directed, must be accepted." 1 Searl, Michigan Pleading & Practice, § 279.

See, also, *Taliaferro* v. *Railway Co.,* 249 Mich. 281; *Boylon* v. *Reliable Cartage Co.,* 258 Mich. 5; and *Johnson* v. *Meade's Estate,* 252 Mich. 357.

In reviewing the denial of defendant's motion for a directed verdict, this court will take the view of the evidence most favorable to the plaintiff's claim. *Wood* v. *Vroman,* 215 Mich. 449.

An examination of the record convinces us that there was some evidence that the Dodge truck was traveling at a rate of speed not in excess of 30 miles per hour; that the truck tipped over within a distance of 70 or 80 feet after it left the paved portion of the highway; and that the cause of its leaving the paved portion of the highway was the manner in which the driver of defendant's truck cut in ahead of the Dodge truck. If we assume that the Dodge truck was traveling at a rate of speed in excess of 30 miles per hour in contravention to 1 Comp. Laws

1929, § 4766, as amended by Act No. 253, Pub. Acts 1933, then we think it presents a question of fact for a jury's determination as to whether or not the excessive speed was the proximate cause of the accident. We cannot say as a matter of law that exceeding the statutory speed in the manner and under the circumstances involved in this case was the proximate cause of the accident.

The jury, by their verdict, must have found that defendant's driver attempted to pass when there was an oncoming car approaching and that he turned to the right side of the pavement before he was clear of the overtaken Dodge truck.

Section 4706, 1 Comp. Laws 1929, provides:

"(a) The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle."

And 1 Comp. Laws 1929, § 4707, provides:

"(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

"After passing the rear of the forward vehicle, an automobilist must exercise reasonable care in turning back toward the right into the center of the highway. Ordinarily, he must not turn back to the right until entirely clear of the forward car, so that the turn can be made with safety. If he turns back into the center of the road so quickly that he forces the other machine out of its course or off the road,

\* \* \* he may be liable for the damage caused. So if the passing driver places himself in a dangerous position by reason of a third vehicle approaching from the opposite direction, he may be liable if he turns back to the right and strikes the vehicle he is passing. The fact that the reason for his turning back is the near approach of a machine from the other direction does not necessarily afford a defense." 3–4 Huddy, Cyclopedia of Automobile Law (9th Ed.), p. 207, § 128.

See, also, 3–4 Huddy, Cyclopedia of Automobile Law (9th Ed.), § 130.

In the case at bar there appears to be a sharp dispute as to how far the Dodge truck traveled after leaving the pavement. Plaintiff's witnesses estimate the distance as somewhere between 70 and 80 feet, while defendant's witnesses say the distance was 177 feet. Moreover, there is also a dispute as to how far the Dodge truck traveled upon the pavement after it had been overtaken by the Ford truck. We think that these questions involving the contributory negligence of the driver of the Dodge truck were for the jury and were properly submitted to them under the instructions of the trial court. Likewise, the question of the negligence of the driver of the Ford truck in overtaking and passing the Dodge truck in the manner in which he did was also a jury question and was properly submitted to the jury under the instructions of the trial court.

The judgment of the lower court is affirmed. Plaintiff may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred. POTTER, J., did not sit.