SECOND DISTRICT COURT OF THE CITY OF PATERSON.

WILLIAM E. DAVENPORT AND WILLIAM A. MOODY, TRAD-
ING AS DAVENPORT AND MOODY, PLAINTIFFS, v.
JAMES KIMBLE, DEFENDANT.

Decided January 12, 1943.

For the plaintiffs, *Milton Schamach.*

For the defendant, *Addison P. Rosenkrans.*

SILBERMAN, D. C. J. This was an action instituted by
the plaintiffs for the recovery of an amount due representing
a balance for goods and merchandise sold and delivered. The
original action is based on an account stated and at the trial
a second count was added to cover a book account. The
defendant contends that the claim is barred by the statute
of limitations. He further denies that he owed the amount
claimed by the plaintiffs and stated that his recollection of
the indebtedness was $50. The plaintiffs' allegation that the
balance of $281.30 is due was climaxed by a transaction
wherein the defendant's son sold to the plaintiffs certain tires
and was entitled to a commission, which the plaintiffs claim
Kimble, Jr., authorized to be credited to the account of his
father. The plaintiffs further testify that this was discussed
with the defendant herein and met with his approval. In
other words, the allegation of the plaintiffs is that a credit
of $3.66 was given on the account of the defendant, James
Kimble, on April 22d, 1938, being within six years before
suit was started and that he at that time and for some time

subsequent thereto promised to continue to pay off the indebtedness. The defendant claims that he never knew of any such transaction and was never informed of any credit given to him by reason of a commission due to his son. The defendant's son testified that the credit was given by arrangement between the plaintiffs and himself but that he never discussed the same with his father nor did he have his father's permission to have a credit entered for him on this account. Further proof was presented by the plaintiffs that the account was discussed often between the respective parties hereto and on each occasion there was an admission by the defendant of the indebtedness with the continued statements of a promise to pay. The defendant on the other hand stated that he never made any promises to pay and that there was no approval of the credit allegedly entered on his account, and that if there was any indebtedness, it did not exceed the sum of $50.

I am inclined to place little credence in the testimony of the defendant and his son in view of the fact that if a commission was due to Kimble, Jr., as he allegedly testified, he certainly would not have permitted the commission to go unpaid and there is no doubt in the court's mind that the credit was entered with the consent of the son and the father, and was by a prearranged transaction meeting with the approval of all parties concerned. If this was not done, the son would without question have pressed the plaintiffs herein for the payment of the commission due him. There is no doubt in my mind that the father knew of this transaction and I believe the testimony of the plaintiffs that the same was discussed with him and that in addition to his approval, he agreed to continue the payments on the account, which without any question brought the account out of the statute and permitted the plaintiffs to maintain this action.

In so far as the book account is concerned, the offer of the book into evidence upon objection of the defendant, was excluded from admission in following the case of *Oberg* v. *Breen,* reported in 50 *N. J. L.* 145; 12 *Atl. Rep.* 203, wherein the court held: "That books of account of a merchant are not evidence in his own favor with respect to payments

credited in them to his customer;" so that the action on the second count must fail.

In so far as the action on the account stated, counsel for the defendant has called to the court's attention *N. J. S. A.* 2:24-9 which provides in actions of debt or upon the case grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation of this act or to deprive any person of the benefit thereof, unless such acknowledgment or promise *shall be made or continued by,* or in some writing to be signed by, *the party chargeable thereby.*

The plaintiffs have come within the provision of this section in an acknowledgment made or continued by the defendant herein. In his arrangement for the credit to the account after the six year period and his promise to pay the indebtedness at that time and on numerous occasions thereafter.

The case of *DeRaismes* v. *DeRaismes,* 70 *N. J. L.* 15; 56 *Atl. Rep.* 170, is not analogous to the case at bar; in that case a writing was signed by one who was purported to have been a duly authorized agent. This does not come directly within the statutory exceptions which require a writing to be signed by the party chargeable thereby. In the case at bar there was no writing but the other portion of the enactment governs wherein it is an acknowledgment or promise made or continued by the party chargeable thereby.

The case at bar comes sufficiently within the case of *Romaine* v. *Corlies,* 47 *N. J. L.* 108, wherein the court held: "That a part payment of a book account with an express verbal promise to pay the balance within six years takes the case out of the statute of limitations." The court therein further stated, "That a promise to pay the balance of the account is competent evidence to show that the payment was made in part satisfaction only of an admitted claim." This theory is further substantiated by the case of *Trenton Banking Co.* v. *Rittenhouse,* 96 *N. J. L.* 450; 115 *Atl. Rep.* 443.

Judgment will therefore be rendered in favor of the plaintiffs in the sum of $281.30 together with interest and costs of suit.