ISMOND *v.* SCOUGALE.

119   501
126   181

1. COURT RULES—WRIT OF ERROR—STAY OF EXECUTION.
    3 How. Stat. § 7621c *et seq.*, providing for a stay of proceedings pending the settlement of a bill of exceptions upon the applicant's filing a proper bond, and declaring a further bond on issuance of writ of error to be unnecessary, gives a proposed appellant no right to have execution stayed indefinitely, until issuance of writ of error, that is contravened by Circuit Court Rule No. 47 (*h*), declaring inoperative any order staying execution in case writ of error does not issue within 10 days after settlement of bill of exceptions.

2. SAME—RECALL OF EXECUTION—JURISDICTION.
    Under the proviso to Circuit Court Rule No. 47 (*h*) for recall of execution on cause shown, on special motion and on proper terms, such a motion must be addressed to the court from which the execution issued.

Trover by Oscar C. Ismond against Monroe L. Scougale, sheriff of Shiawassee county. Defendant, having appealed from an adverse judgment, applied to the Supreme Court for an order recalling an execution issued out of the circuit court. Submitted February 15, 1899. Motion denied (without prejudice to its renewal in the circuit) March 6, 1899.

*Charles M. Hamper* (*Van Ranst Pond* and *Charles A. Withey*, of counsel), for the motion.

*Watson & Chapman, contra.*

LONG, J. Motion is made to recall an execution issued out of the circuit court for Shiawassee county in the above cause before its removal to this court, and to stay proceedings until the case is heard in this court. It appears that the judgment was rendered October 15, 1898, for $1,702.90, and execution issued to the coroner on January 31, 1899. On the evening of the day that execution issued, a writ of error was issued to remove the cause to this court. A bill of exceptions had been settled in the cause, signed by the circuit judge, and filed with the clerk of said court, on January 17, 1899. It also appears that a bond in the penalty of $3,405.80, duly approved by the court and accepted by plaintiff's attorneys, had been filed in the cause on November 4, 1898. The writ of error was returned into this court on February 3, 1899. On February 7th, defendant's counsel caused to be served on the coroner a copy of such stay bond, with the certificate of the county clerk of the filing of said bond in his office, and of the service of the writ of error.

The facts are admitted, but counsel for plaintiff contend that under Cir. Ct. Rule No. 47 (*h*) the execution was properly issued, and should not be recalled. That rule provides that:

"Unless, within ten days after the settlement of a bill of exceptions, the proposed appellant cause a writ of error to be issued out of the Supreme Court and filed, any order

staying execution shall become inoperative, and the adverse party shall be entitled to an execution: *Provided,* that on cause shown, on special motion and on propei terms, the court may order the recall of such execution."

It will be noticed that the bill of exceptions was settled on January 17th, and the writ of error was not taken out until the 28th of the same month. This writ of error was not taken out, therefore, within the 10 days after the settlement of the bill of exceptions; and, within the above rule, the plaintiff was entitled to an execution.

But counsel for defendant contend that the above Rule 47 is in violation of the statute, and that it is therefore void. Prior to the adoption of Rule 47, subd. *h*, it was held in some of the circuits that an appellant, after obtaining a settlement of a bill of exceptions (which the lower court might compel within a reasonable time), could postpone the issue of a writ of error until the end of one year from the date of the judgment (that time being allowed by 3 How. Stat. § 8686, for the issue of a writ of error), and that in the meantime, if a bond were filed by the appellant, the appellee could take no steps towards the collection of the judgment, nor to expedite its review in this court. We think the statutes relative to the issuing of writs of error and bonds to stay proceedings were never intended to permit such practice; yet, without some such provision as subdivision *h* of Rule 47, it lies within the power of the appellant to delay the collection of the judgment and delay the hearing in this court. Rule 47 was adopted to prevent such unreasonable delay, and it was clearly within the power of this court to adopt such a rule, under article 6, § 5, of the Constitution, which provides that " the Supreme Court shall, by general rules, establish, modify, and amend the practice in such court and in the circuit courts, and simplify the same," and under section 6409, 2 How. Stat., which provides that " the judges of the Supreme Court shall have power, and it shall be their duty, within three months after this law shall take effect, by general rules, to establish, and from time to time there-

after to modify and amend, the practice in said court, and in the circuit courts, at law and in equity, in the cases not provided for by any statute." Laws 1851, Act No. 93.

As we have said, the acts relative to writs of error and stay bonds do not conflict with this rule. Prior to Act No. 276, Pub. Acts 1887, as amended by Act No. 114, Pub. Acts 1889 (3 How. Stat. § 7621c *et seq.*), the appellant had no right to a stay of execution until the actual filing of the stay bond, and the actual service of a writ of error upon the clerk, under the provisions of sections 8679–8681, 2 How. Stat. Under those sections, if an execution had been taken out prior to the filing of the bond and service of the writ of error, the further proceedings upon the execution were stayed by serving a certificate upon the sheriff. By the terms of the act of 1887 as amended, this situation was remedied by providing for a bond pending the settlement of the bill of exceptions, and prior to the issue of the writ of error; and, as the bond provided for in that act would protect the appellee in the same manner that a bond under the former act would protect him, it was provided in the amendment of 1889 that, if the appellant had filed a bond pending the settlement of the bill of exceptions, he should not be required to file any further bond in order "to stay and supersede execution upon any writ of error issued out of the Supreme Court by or on behalf of the party filing the bond." These statutes do not contain anything which implies that the party appealing may have the execution stayed indefinitely, or until the expiration of a year from the entry of judgment, without seasonable issue of a writ of error. It was to compel the issuance of the writ of error within a reasonable time that the rule was adopted, and 10 days from the settlement of the bill of exceptions was regarded as a reasonable time to sue out such writ.

In the present case, perhaps from a misunderstanding of the rule, or perhaps from the belief of counsel that the rule was in conflict with the statute, and could not be upheld, the writ of error was issued one day too late, and

execution was thereupon issued. The rule, however, provides that "on cause shown, on special motion and on proper terms, the court may order the recall of such execution." But that motion cannot properly be addressed to this court. The execution was issued from the court below, and must be recalled into that court, if recalled at all, and hence the motion must be made there; and that court will very likely, under the circumstances, order the recall. We have given our views upon this rule, though not assuming jurisdiction to act, so that the circuit courts and the bar may be advised upon it.

The motion must be denied, with costs in favor of the appellee, but without prejudice to the right of the appellant to apply to the court below.

The other Justices concurred.