SAMUEL ZAGERMAN, PLAINTIFF-APPELLEE, v. HERMAN FENNING, DEFENDANT-APPELLANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Joseph C. Paul.*

For the plaintiff-appellee, *Silverman & Abromson* and *Jacob W. Silverman.*

PER CURIAM.

This is an appeal from a judgment entered November 14th, 1930, in the Second Judicial District Court of Essex county, pursuant to a report of Referee Samuel Ferster, to whom the case was referred September 22d, 1930, by Judge Minisi. The reference was to examine, determine and report. The findings probably had the effect of a verdict. *Harper Machine Co.* v. *Sinclair,* 76 *N. J. L.* '99. Such, at all events, would be the effect of a similar reference from this or the Circuit Court. Rule 99.

Further, the parties, through their attorneys, agreed to be bound by the determination and report of the referee, and it is first urged upon us that the agreement precluded an appeal. However, we do not pass upon the question because not necessary to a decision of the case.

On December 13th, 1930, the execution on the judgment of November 14th, 1930, was returned unsatisfied and there-

after and on December 19th, 1930, an order was entered extending the time for the defendant to perfect his appeal until December 30th, 1930.

Section 213a of the District Court act, as amended 1 *Cum. Supp. Comp. Stat., p.* 983, requires that a notice of appeal shall be given to the adverse party, or his attorney, within twenty days after the entry of the determination of the District Court sought to be appealed. Manifestly, this statutory requirement was not complied with. Within twenty days from November 14th, 1930, the notice of appeal was required, and since it was not given the defect could not be supplied by a subsequent order of the District Court. The right to appeal exists by statute and not by grace of the court.

The appeal will be dismissed, with costs.