JONES *v.* EASTERN MICHIGAN MOTORBUSES.

1. CARRIERS—PASSENGERS—NEGLIGENCE—CLEAR PREPONDERANCE OF EVIDENCE.

In action by motorbus passenger for injuries alleged to have been sustained when defendant's driver jerked open the door and suddenly set the bus in motion, causing plaintiff to be thrown from the platform·of the bus into the street, judgment of trial court, sitting without a jury, *held*, not against the clear preponderance of the conflicting evidence.

2. COURTS—SUPREME COURT—REGULATION OF PROCEDURE—RULE-MAKING POWER.

The Supreme Court and other inferior courts over which the Supreme Court has supervision and control being vested with all judicial power by the Constitution, the power to regulate procedure is inherently vested in the Supreme Court, to be exercised under its rule-making powers (Const. 1908, art. 7, §§ 1, 4, 5).

3. APPEAL AND ERROR—NONJURY LAW CASES—ISSUES OF FACT—COURT RULES.

Supreme Court acts only as an appellate court in reviewing the determination of controverted issues of fact in nonjury law cases under court rule authorizing assignment of error that judgment is against the preponderance of the evidence (Court Rule No. 64 [1933]).

4. COURTS—SUPREME COURT AS APPELLATE COURT.

For the purpose of exercising its powers as an appellate court, the Supreme Court may inaugurate and utilize any appropriate writ or procedure as in its judgment may be deemed fit (Const. 1908, art. 7, §§ 4, 5).

5. SAME—SUPREME COURT—ENUMERATION OF ORIGINAL WRITS—CONSTITUTIONAL LAW.

Enumeration in Constitution of certain original writs which the Supreme Court has power to issue does not restrict the court to such writs where it is also expressly given power to issue "other original and remedial writs, and to hear and determine the same" (Const. 1908, art. 7, § 4).

6. APPEAL AND ERROR—REVIEW OF LAW CASES BY APPEAL—CONSTITUTION.

The ·Constitution does not forbid the Supreme Court from reviewing law cases by appeal since the proceeding is wholly appellate, not original, and does not involve the issuance of an original writ and court is empowered to issue other original and remedial writs anyway (Const. 1908, art. 7, § 4).

7. SAME—REVIEW OF ISSUES OF FACT IN NONJURY LAW CASES.

Even if review of law cases by the Supreme Court be confined to the same character of review formerly obtainable by writ of error, review of issues of fact in nonjury law cases is not precluded where court rule authorizes appellant to assign as error that the judgment is against the preponderance of the evidence (Const. 1908, art. 7, § 4; Court Rule No. 64 [1933]).

8. SAME—COMMON-LAW WRIT OF ERROR—REVIEW OF ISSUES OF FACT.

When appeal in law cases was by the common-law writ of error, review of testimony as to essential facts was permitted if writ of error contained an assignment that the finding or judgment of the court was contrary to the clear or overwhelming weight of evidence (3 Comp. Laws 1929, § 14266).

9. SAME—COURT RULES—REVIEW IN NONJURY LAW CASES.

Under court rule authorizing assignment of error in nonjury law cases that the judgment is against the preponderance of the evidence, the Supreme Court does nothing more nor less than to determine whether the judgment is against the preponderance of the evidence in event such an assignment of error is urged and such determination by the Supreme Court is a question of law rather than one of fact (Court Rule No. 64 [1933]).

10. COURTS—CONSTITUTIONAL WRIT OF ERROR MAY NOT BE ABOLISHED BY SUPREME COURT OR LEGISLATURE.

The writ of error, provided for by the Constitution, cannot be abolished by the Supreme Court by the exercise of its rule-making power nor by legislative enactment (Const. 1908, art. 7, § 4).

11. APPEAL AND ERROR—NONJURY LAW CASES—FINDINGS OF FACT—RECORD.

On review of law cases tried without a jury, Supreme Court is not bound by findings of fact made by the trial court but considers the record as a whole (Court Rule No. 64 [1933]).

12. SAME—SCOPE OF REVIEW OF NONJURY LAW CASES.

The review by the Supreme Court of the factual aspect of a nonjury law case is limited to consideration of the record on appeal for the purpose of determining whether the judgment is against the preponderance of the evidence, if error in that particular is assigned (Const. 1908, art. 7, § 4; Court Rule No. 64 [1933]).

13. COURTS—COURT RULES—CONSTITUTIONAL LAW—SCOPE OF REVIEW.

Court rule authorizing appellant to assign as error in nonjury law cases that the judgment is against the preponderance of the evidence is not unconstitutional since the Supreme Court is invested with power by rule-making regulation to provide for such practice (Const. 1908, art. 7, §§ 4, 5; Court Rule No. 64 [1933]).

14. APPEAL AND ERROR—WRIT OF ERROR—REVIEW OF LAW CASES—JURISDICTION OF SUPREME COURT.

Review of law cases is not by writ of error only, but Supreme Court is invested with plenary judicial power including power to issue writs of error and other writs and has full appellate jurisdiction over inferior courts (Const. 1908, art. 7, § 4).

15. CERTIORARI—ISSUANCE OF WRIT BY SUPREME COURT.

The power of the Supreme Court to issue writs of certiorari is clearly included in the provision of the Constitution enumerating certain writs which the court may issue and adding authority to issue ''other original and remedial writs'' (Const. 1908, art. 7, § 4).

16. JURY—PRESERVATION—WAIVER—COURT RULES—TRIAL OF ISSUES OF FACT BY COURT.

Although the constitutional right to a trial by jury must be preserved, such right may be waived and a court rule authorizing appellant to assign as error that judgment is against the preponderance of the evidence is applicable only when litigants have waived a jury and submitted trial of issues of fact to the court (U. S. Const. am. 7; Mich. Const. 1908, art. 2, § 13; Court Rule No. 64 [1933]).

17. APPEAL AND ERROR—REVIEW OF FINDINGS OF FACT IN NONJURY LAW CASES.

The review of findings of fact by a trial court in a nonjury law case is not limited to the same procedure as is permissible in

a case tried by a jury (Act No. 179, Pub. Acts 1851; Act
No. 91, §§ 1, 4, Pub. Acts 1853; Act No. 142, Pub. Acts 1867;
Act No. 314, chap. 18, § 15, Pub. Acts 1915, as amended by
Act No. 276, Pub. Acts 1929 [3 Comp. Laws 1929, § 14266]).

18. SAME—SUPREME COURT—REVIEW OF NONJURY LAW CASES—
    COURT RULES.
    The Supreme Court, under the Constitution, has the right and
    power to review nonjury law cases in the manner and to the
    extent provided by court rule authorizing an appellant to
    assign as error that the judgment is against the preponderance
    of the evidence (Const. 1908, art. 7, §§ 1, 4, 5; Court Rule
    No. 64 [1933]).

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted June 7, 1938. (Docket No. 12, Calendar
No. 39,990.) Decided February 2, 1939.

Case by Jeanette Jones against Eastern Michigan
Motorbuses, a Michigan corporation, for damages
for personal injuries sustained while alighting from
a bus. Judgment for defendant. Plaintiff appeals.
Affirmed.

*Louis J. Colombo, Jr.,* and *Anthony A. Vermeulen*
(*Louis J. Colombo,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

MCALLISTER, J. Plaintiff brought an action for
damages resulting from injuries sustained when, as
she alleges, while a passenger on defendant's motor-
bus, defendant's driver jerked open the door and
suddenly set the bus in motion, causing plaintiff to
be thrown from the platform of the bus into the
street.

Plaintiff boarded the bus in the city of Birming-
ham and rode to Detroit. When she arrived at her
destination, plaintiff left her seat at the rear of the

bus and walked forward where the driver was sitting. She engaged in conversation with him, telling him that she had put too much money in the fare box at Birmingham, and testified that he smiled, and said: "Yes, I noticed you did, * * * I guess you got your money's worth." Plaintiff says that she then requested a "slip" in order to secure reimbursement. Suddenly, according to her testimony, the driver became very angry, his face became "red as a beet," and in a loud voice he said to her: "Get off the bus, I can't keep the bus standing waiting on you all day," at the same time causing the door to be jerked open and the bus to be moved ahead, resulting in her fall down the bus steps and onto the street.

Defendant's driver testified that there was some conversation in which plaintiff stated in a joking way that she had paid a dime too much and that he had asked her in the same humor whether she hadn't gotten her money's worth. He testified that he told her with reference to the slip that if she had mentioned it when she dropped the money in the box he would have refunded it, but that such practice was not followed when not brought to the driver's attention until the destination was reached. He stated that he had not known she had overpaid her fare. He further testified that the bus was brought to a complete stop and that three people got off—a man first, the plaintiff next, and another woman last—, and that as the bus was standing with the door open, he watched all three leave and walk away from the bus. He claims that the bus did not move from the time it first stopped until the three passengers had descended. After the last passenger left, defendant's driver testified that he heard her say: "What are you all doing, falling after you get off the bus?" The passenger in question testified that while all

three were inside the bus, there was a jerk and she saw plaintiff falling and said: ''What are you doing, falling?''

Another passenger testified she heard the conversation between plaintiff and driver and that they did not seem to be angry but appeared to be in very good humor. When this witness heard the other passenger ask why someone was falling, she turned and observed plaintiff lying on the sidewalk a foot or so from the curb. A policeman appeared on the scene and plaintiff told him that she hurt her foot alighting from the bus, but did not say that she had been thrown off; nor did the two passengers who descended with her and who were present when the policeman arrived, and afterward testified for plaintiff in confirmation of her story, mention such claim. The policeman testified that he asked them if the bus was stopped when she alighted, and plaintiff and the two passengers who left the bus with her stated that they didn't know.

The case was tried before the court without a jury. The court believed the testimony of defendant's driver and the other passenger who testified for defendant, and was also impressed with the fact that neither the plaintiff, nor the two passengers who appeared as witnesses for her, mentioned to the police officer that she had been thrown off the bus by the wrongful conduct of defendant's driver. On this conflicting testimony the court found for defendant. Plaintiff appeals on the ground that the judgment was against the great weight of evidence and that there was a total want of evidence to support the judgment; and on appeal seeks to have this court weigh the evidence to ascertain whether or not it preponderates in favor of plaintiff. Counsel contends that, on appeal in law cases tried before the

court without a jury, the review in the Supreme Court is a trial *de novo.*

Much confusion on this question has been engendered because of changes in court rules, decisions based upon the various rules, new and substituted rules, and difficulties arising from the distinctions between the function of a writ of error and an appeal. An erroneous impression often arises because of the ambiguity resulting from the use of the term, appeal, in its general sense, as contrasted with its more narrow and technical meaning.

By the English common law the judgments of the court of common pleas and of all inferior courts were brought under the review of the court of king's bench for revision and correction, by writ of error, writ of certiorari, or writ of false judgment. The remedy of appeal, unknown to the common law, was employed for the review of causes in equity, ecclesiastical and admiralty jurisdictions. *Ex parte Henderson,* 6 Fla. 279; *Wingfield* v. *Neall,* 60 W. Va. 106 (54 S. E. 47, 10 L. R. A. [N. S.] 443, 116 Am. St. Rep. 882, 9 Ann. Cas. 982).

The writ of error, being of common-law origin, was adopted in the United States as it existed under the common-law system. *Buesscl* v. *U. S.,* 170 C. C. A. 105 (258 Fed. 811); *Lee* v. *Fowler,* 263 Mass. 440 (161 N. E. 910). Where not abolished by statute, it exists as an available remedy. *Phelps* v. *Board of Appeals of the City of Chicago,* 325 Ill. 625 (156 N. E. 826). At common law and generally under the constitutions and statutes, a writ of error is a writ of right in proceedings prosecuted according to the course of the common law, grantable *ex debito justitiæ.* It issues as of course upon the filing of a formal application therefor, as on petition or præcipe, and may be obtained by any person entitled to it in the

same way as he may, upon the compliance with the prescribed requirements, sue out a summons in an ordinary action. 4 C. J. S. p. 71. See *Freeport Motor Casualty Co.* v. *Madden,* 354 Ill. 486 (188 N. E. 415); *City of Moberly* v. *Lotter,* 266 Mo. 457 (181 S. W. 991); *Hull* v. *Denver Tramway Corp.,* 97 Col. 523 (50 Pac. [2d] 791); *Ridgley* v. *Bennett,* 13 Lea (81 Tenn.), 206. It may be sued out in all cases where it is applicable, and is issuable subject to such constitutional regulations as may be prescribed by the legislature. *Harrison* v. *Tradee,* 27 Ark. 59; *McClay* v. *Norris,* 9 Ill. 370; *Ridgley* v. *Bennett, supra.*

By the weight of authority, the suing out of a writ of error constitutes the commencement of a new suit, and not a continuation of the suit to which it relates. *Ex parte Williams,* 226 Ala. 619 (148 South. 323); *Thornton* v. *Schobe,* 79 Col. 25 (243 Pac. 617); *Eich* v. *Czervonko,* 330 Ill. 455 (161 N. E. 864); *State, ex rel. City of Duluth,* v. *Railway Co.,* 99 Minn. 280 (109 N. W. 238, 110 N. W. 975); although it is not an original suit to the extent that new issues of fact may be framed in the appellate court. *Bocock* v. *Leet,* 210 Ill. App. 402. An assignment of errors is in the nature of a declaration both at common law and under the modern statutes and in some jurisdictions it is termed the complaint in the reviewing court. *Trenton Banking Co.* v. *Rittenhouse,* 96 N. J. Law, 450 (115 Atl. 443, 36 A. L. R. 343); *Whitsell* v. *Strickler,* 167 Ind. 602 (78 N. E. 845, 119 Am. St. Rep. 524).

The purpose of the writ is to inspect the record in the lower court, and it brings up only questions of law. *Paterie* v. *Davignon,* 38 R. I. 585 (96 Atl. 819). The writ does not bring up for review errors of fact. *Buessel* v. *United States, supra; Nashville*

*Railway & Light Co.* v. *Bunn,* 94 C. C. A. 274 (168 Fed. 862) ; *Hanzcs* v. *Flavio,* 234 Mass. 320 (125 N. E. 612) ; *Wingfield* v. *Neall, supra,* and it is not used for the purpose of trying the issues between the parties, but to try the judgment of the lower court. *Orange Belt Packing Co.* v. *International Agricultural Corp.,* 112 Fla. 99 (150 South. 264) ; *McKinnon* v. *Lewis,* 60 Fla. 125 (53 South. 940) ; *Bocock* v. *Leet, supra.* A writ of error issued to a lower court removes the whole record into the appellate court. It does not act upon the parties but only upon the record. *Scott* v. *Sanford,* 19 How. (60 U. S.) 393; *Cohens* v. *Virginia,* 6 Wheat. (19 U. S.) 264.

However, it is important to bear in mind that while the writ of error brings up for review only errors of law, and not of fact, a finding of fact may in itself be an error in law. *Styles* v. *Tyler,* 64 Conn. 432 (30 Atl. 165) ; *Fernald* v. *Bush,* 131 Mass. 591; *The E. A. Packer,* 140 U. S. 360 (11 Sup. Ct. 794) ; *Bedlow* v. *New York Floating Dry Dock Co.,* 112 N. Y. 263 (19 N. E. 800, 2 L. R. A. 629) ; *Kennedy* v. *Porter,* 109 N. Y. 526 (17 N. E. 426).

Where the power to issue a writ of error is vested in a court by the Constitution, it cannot be abolished by the legislature. *Harrison* v. *Tradee, supra; Martin* v. *Simpkins,* 20 Col. 438 (38 Pac. 1092). If the right to appellate review is given or secured by the Constitution, it cannot be taken away or impaired by the legislature nor can the legislature confer appellate jurisdiction in conflict with constitutional provisions. *Gambold* v. *MacLean,* 254 N. Y. 357 (173 N. E. 220). Matters relating to appellate procedure are, in general, within the authority of the legislature, unless withheld therefrom by constitutional provision, but it may not control the discretion of the

courts in regard to matters which have been entrusted to them by the Constitution. See *Herndon* v. *Imperial Fire Ins. Co.,* 111 N. C. 384 (16 S. E. 465, 18 L. R. A. 547). While the writ of error does not owe its origin to any statute, since it is a writ of right under the common-law system, it is within the control of the legislature except where guaranteed by constitutional provision as it is in some states. 2 Am. Jur. p. 848. When a constitutional provision prescribes a particular mode of review, it is not within the power of the legislature to provide a different remedy, and regulations in conflict with the Constitution are invalid. *Woodward Iron Co.* v. *Bradford,* 206 Ala. 447 (90 South. 803). That clause in the Federal Constitution * giving the supreme court of the United States original jurisdiction in a class of cases specified, and appellate jurisdiction in all others is self-executing; and an act of congress purporting to give that court original jurisdiction in cases other than those so specified is invalid. *Marbury* v. *Madison,* 1 Cranch (5 U. S.), 137, 173, 177.

An appeal, on the other hand, as distinct from a writ of error, means a proceeding for review by which the entire case is transferred to the appellate court for a trial *de novo,* and for a final determination, independent of the lower court. *Wingfield* v. *Neall, supra; Wiscart* v. *Dauchy,* 3 Dallas (3 U. S.), 321. Procedure by appeal in the technical and limited sense of the term is of civil-law origin and was entirely unknown to the common law. It was introduced from the civil law into courts of equity. *Ritzer* v. *Ritzer,* 243 Mich. 406. The remedy by appeal is statutory in origin. *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich. 230; *Munroe, Boyce & Co.* v. *Ward,* 207

* See article 3, § 2.—Reporter.

Mich. 369; *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51; *Echlin* v. *Canvasser,* 239 Mich. 116. The courts have no inherent authority with respect thereto. *Zagerman* v. *Fenning,* 9 N. J. Misc. 997 (156 Atl. 422). Such proceedings as those in probate are entirely dependent upon statute, and are subject to the control of the legislature, which may, in its discretion, grant or abolish the remedy, or prescribe upon what terms appeals may be taken. *Newell* v. *Kalamazoo Circuit Judge,* 215 Mich. 153.

"An appeal is a process of civil-law origin, and removes a cause entirely; subjecting the fact as well as the law, to a review and retrial: but a writ of error is a process of common-law origin, and it removes nothing for reexamination but the law." *Wiscart* v. *Dauchy, supra,* 327.

At common law and in those jurisdictions where the distinction is still preserved, a writ of error brings up only questions of law, which are apparent on the record, while an appeal unless expressly restricted brings up both law and fact. *Elliott* v. *Toeppner,* 187 U. S. 327 (23 Sup. Ct. 133); *Parsons* v. *Armor,* 3 Pet. (28 U. S.) 413.

But the term, appeal, may also refer to any review of a case that has been tried and may be used to designate any proceeding for review by which a case is transmitted from one tribunal to another. *Dow* v. *Casey,* 194 Mass. 48 (79 N. E. 810).

According to our State Constitution, the Supreme Court shall have power to issue writs of error, *habeas corpus,* mandamus, *quo warranto, procedendo* and other original and remedial writs, and to hear and determine the same. In all other cases it has appellate jurisdiction only. Const. of 1908, art. 7, § 4. This Court, therefore, has original juris-

diction in cases reviewable by writ of error, and the writ is a constitutional writ. 3 Comp. Laws 1929, § 13604 (Stat. Ann. § 27.111), provides:

"The Supreme Court may, by general rules, provide simplified forms, methods, and procedure by which such Court and other courts of record shall exercise the appellate jurisdiction conferred upon them by law, and such rules, while in force, shall be controlling, any statutory provision to the contrary notwithstanding: *Provided,* That no right to a review conferred or preserved by the Constitution of this State shall thereby be denied or diminished."

While courts are very generally authorized by statute to make their own rules for the regulation of their practice and the conduct of their business, a court has, even in the absence of any statutory provision or regulation in reference thereto, inherent power to make such rules. *Fullerton* v. *Bank of the United States,* 1 Pet. (26 U. S.) 604; *Van Benschoten* v. *Fales,* 126 Mich. 176; *Wyandotte Rolling Mills Co.* v. *Robinson,* 34 Mich. 428. This power is, however, not absolute but subject to limitations based on reasonableness and conformity to constitutional and statutory provisions. *Ward* v. *Chamberlain,* 2 Black (67 U. S.), 430; *Youngs* v. *Peters,* 118 Mich. 45. Thus a court cannot make and enforce rules which are arbitrary or unreasonable or uncertain in their operation, which deprive a party of his legal rights or which contravene any constitutional or statutory provision. *Youngs* v. *Peters, supra; Ismond* v. *Scougale,* 119 Mich. 501. The jurisdiction of a court as conferred by the Constitution cannot be enlarged or diminished by a rule of court. *The St. Lawrence,* 1 Black (66 U. S.), 522.

In this State, in all cases in which review by the Supreme Court is provided by law, and notwithstanding the writ or remedy of review employed by

common law or named in statute, *review may be had by appeal* under the Michigan court rules. But this refers only to the method of review, *and does not restrict, enlarge or change the right or scope of review provided by law,* except as is explicitly set out in the said rules. Court Rule No. 55 (1933).

When used to indicate any proceedings for review, appeal may comprehend a writ of error. *Chickamauga Quarry & Construction Co.* v. *Pundt,* 136 Tenn. 328 (189 S. W. 686); *Martin* v. *Martin* (Tex. Civ. App.), 229 S. W. 695.

The removal of a cause from a trial court to an appellate court by writ of error is a method of appeal. *White* v. *Taylor* (Tex. Civ. App.), 11 S. W. (2d) 374. Where a statute provides that all appellate proceedings in the Supreme Court previously taken by writ of error, appeal or certiorari should thereafter be taken in a proceeding to be called an appeal, it was held that the statute did not change the existing right of review, nor modify in any way its exercise, but only provided that dissimilar proceedings should be called by the same name. *Revocation of Mark's License,* 115 Pa. Super. 256 (176 Atl. 254).

Review of final judgment in cases brought according to the course of the common law is by writ of error. 3 Comp. Laws 1929, § 15491 (Stat. Ann. § 27.2591). And it is clear not only by the great weight of authority, but also by the explicit language of the court rule and statute above mentioned that, although this method of review may be designated an appeal, such appeal does not enlarge or change the right or scope of review as heretofore existing by writ of error which brings up the record for review of errors of law and not of fact.

"Upon appeal to the Supreme Court from a judgment in an action at law tried without a jury, such

judgment may be affirmed or reversed, the cause remanded with directions, or a new trial ordered." Court Rule No. 64 (1933).

We do not enter judgments in law cases on appeal, and in such cases tried before the court without a jury, we do not hear the case *de novo*.

In such appeals, appellant may assign as error that the judgment is against the preponderance of the evidence. Court Rule No. 64 (1933).

Preponderance of evidence is properly defined as:

" 'Such evidence as, when weighed with that which is offered to oppose it, has more convincing power in the minds of the jury. It is not a technical term at all, but means simply that evidence which outweighs that which is offered to oppose it. It does not necessarily mean that a *greater number* of witnesses shall be produced on the one side or the other, but that, upon the whole evidence, the jury believe the greater probability of the truth to be upon the side of the party having the affirmative of the issue.' * * * If the evidence of the plaintiff is more probable than that of the defendant, it certainly outweighs it, and, if it outweighs it, the preponderance is with the plaintiff." *Strand* v. *Railway Co.*, 67 Mich. 380, 385 (4 Am. Neg. Cas. 70).

"The law permits the trier of the facts a wide discretion in determining what those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction." *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111).

In *Hamburger* v. *Bank of Detroit*, 218 Mich. 173, 175, this court said:

"As we have had occasion to point out many times, we are not the triers of the facts in cases on the law side of the court brought to this court for re-

view.   If we are satisfied that the findings of the trial judge are against the clear weight of the evidence, we are authorized to reverse under 3 Comp. Laws 1915, § 12587.* But we do not hear law cases *de novo.*"

In *Olchefsky* v. *Mercier, Bryant, Larkins Brick Co.,* 240 Mich. 536, 541, it was said:

"It is also urged that the testimony offered by defendant on the question of proper installation and operation of the furnaces was of greater probative force than that offered by plaintiff.   If we were the triers of the facts we might not find difficulty in agreeing with some or all of defendant's contentions as to what the facts were.   But this is not the measure of either our power or our duty.   In the recent case of *Lewis* v. *Whitney,* 238 Mich. 74, in considering this question, it was said:

" ' 'The power to ultimately set aside verdicts and judgments on this ground has been wisely committed to this court, and when and as the occasion arises must be exercised by us.   But this does not make us the original triers of the facts or require us to hear cases on the law side *de novo.*   It is not sufficient that we would have reached a different result had we been members of the jury.   The verdict must be against the clear weight of the evidence, against the overwhelming weight of the evidence, it is sometimes said; manifestly against the weight of the evidence, it is also said.   These are the standards set by former decisions of this court too numerous to cite.' "

"The rule is well settled that this court will only reverse a case upon the question of the weight of the evidence when the verdict is against the overwhelming weight of the evidence.   The verdict must be clearly against the great weight of the evidence, to require this court to overrule the decision of the circuit judge refusing a new trial." *Gardiner* v. *Courtright,* 165 Mich. 54.

"The record on this appeal is such that if the case had been tried by a jury we would necessarily find·

---

* This section was amended by Act No. 276, Pub. Acts 1929 and is now 3 Comp. Laws 1929, § 14266 (Stat. Ann. § 27.995).—Reporter.

testimony sustaining a verdict in favor of plaintiff on both the question of negligence and contributory negligence. Our review of the testimony satisfies us that it sustains the holding of the trial judge on both these questions." *Jacoby* v. *Schafsnitz,* 270 Mich. 515.

It is said in 5 C. J. S. pp. 742–745, 748, § 1658:

"The appellate court, in passing on the fact findings of the trial court, ordinarily gives regard only to the sufficiency of the evidence to support the findings and will not concern itself with the weight or preponderance of the evidence, for  *  *  *  the weight to be given to the evidence and the credibility of the witnesses are matters within the province of the trial court. Hence, the mere fact that the findings may appear to the appellate court to be against the weight or preponderance of the evidence will not cause them to be disturbed if they are supported by substantial, or legally sufficient, evidence, and not clearly, manifestly, or palpably against the great weight of the evidence, indicate mistake, prejudice or improper influence, or are so clearly wrong that a trial judge would have set aside a similar verdict rendered on the same testimony."

Although the appellate court might have reached a different conclusion, it will not disturb the finding if it cannot say that a reasonable man could not have reasonably reached the conclusions reached by the trial court. *Taylor* v. *Bunnell,* 133 Cal. App. 177 (23 Pac. [2d] 1062).

In the instant case, review is sought of a proceeding prosecuted according to the course of the common law and such review is, according to the jurisdiction conferred on the Supreme Court by the Constitution, a review by writ of error. The fact that such remedy of review is, for convenience, designated as an appeal is merely a matter of nomenclature, and does not, thereby, enlarge or restrict the

ordinary and historical function of a writ of error in such case; nor is it intended by court rule so to do. Rather, it is set forth both in the court rule and statute relevant thereto, that the right or scope of review provided by law is not restricted, enlarged, or changed by calling the method of such review, an appeal. Court Rule No. 55 (1933), 3 Comp. Laws 1929, § 13604 (Stat. Ann. § 27.111).

Such review by writ of error, bringing up the record for inspection as to errors of law, does not authorize or enable this court to weigh the evidence, and try again—*de novo*—questions of fact. Any rule of court or legislative enactment to this effect, changing the function of a writ of error to that of a chancery appeal and, in effect, abolishing such writ, the office of which is clearly defined and understood, would be unconstitutional. We have held, similarly, that statutory provisions purporting to provide for review in the Supreme Court of questions of fact on certiorari are unconstitutional, as such writ, as in the case of a writ of error, brings up for review only questions of law. *In re Consolidated Freight Co.*, 265 Mich. 340 (4 P. U. R. [N. S.] 397).

Whatever may appear to be the advisability or desirability of reviewing jury or nonjury law cases in the same manner as is provided for in appeals in equity, we are confronted with the fact that in this State the writ of error is riveted to our Constitution and such proposed changes can be brought about by no means short of Constitutional amendment.

Plaintiff, in seeking to have this court weigh the evidence, on the theory that on review we hear the cause *de novo*, calls our attention to *Bugbee* v. *Fowle*, 277 Mich. 485, where it was said:

"There is conflict of testimony on the controlling issues of defendant's negligence and plaintiff's con-

tributory negligence. In reviewing law cases tried without a jury, we are not bound by the finding of fact made by the trial court but consider the record as a whole. *Burchard* v. *Otis Elevator Co.*, 261 Mich. 142; Court Rule No. 64 (1933)."

However, the *Burchard Case* decided in 1933 was not based upon Court Rule No. 64 (1933) but upon Court Rule No. 75 (1931). In that case it was said:

"Michigan Court Rule No. 75 (1931) reads:

" 'Upon appeal from a judgment rendered in an action at law tried without a jury, such judgment may be affirmed, reviewed or modified, in whole or in part, and a final judgment shall be entered either by the Supreme Court or by the trial court, according to the practice in equity cases.'

"Under this rule on review of a nonjury law case, this court is not bound by the findings or lack of findings of the trial court. Instead, the record as a whole is considered and determination made of such questions raised by the appeal as are necessary to decision." *Burchard* v. *Otis Elevator Co.*, *supra*.

The question of the unconstitutionality of Court Rule No. 75 (1931), providing for review of law cases according to the practice in equity cases, appears never to have been raised in any adjudicated cases, or otherwise brought to the attention of the court.

It is true that Mr. Justice Potter, in *Valentine* v. *Malone*, 269 Mich. 619 (97 A. L. R. 326), in the course of an extensive dissenting opinion, discussed the unconstitutionality of statutes conferring original jurisdiction upon the Supreme Court or diminishing such original jurisdiction; and in the course of his opinion discussed Court Rule No. 64 (1933). But Court Rule No. 75 (1931), providing for the entry of judgments "according to the practice in equity cases," was not discussed. In view of the fact that the contention of counsel for plaintiff is

based largely upon his interpretation of Court Rule No. 64 (1933), and cases determined upon the authority of said rule, it is necessary to discuss such claim.

In 1933, Court Rule No. 75 (1931) was changed and Court Rule No. 64 (1933) was substituted therefor as follows:

"Upon appeal to the Supreme Court from a judgment in an action at law tried without a jury, such judgment may be affirmed or reversed, the cause remanded with directions, or a new trial ordered. Appellant may assign as error that the judgment is against the preponderance of the evidence; but on appeals in civil cases, error cannot be assigned for total lack of evidence on a material question unless such lack of evidence has been called to the attention of the court during the trial or on motion for a new trial."

Thereafter in *Fyan* v. *McNutt,* 266 Mich. 406, 411, the court said:

"Appellant relies in part on Michigan Court Rule No. 64 (1933). We recently held:

" 'Under this rule, on review of a nonjury law case, this court is not bound by the findings or lack of findings of the trial court. Instead the record as a whole is considered and determination made of such questions raised by the appeal as are necessary to decision.' *Burchard* v. *Otis Elevator Co.,* 261 Mich. 142.' "

The above citation of the *Burchard Case* decided in January, 1933, was based on Court Rule No. 75 (1931) and not upon Court Rule No. 64 (1933), which had thereafter been substituted therefor.

*Burchard* v. *Otis Elevator Co., supra; Fyan* v. *McNutt, supra;* and *Bugbee* v. *Fowle, supra,* relying for authority on Court Rule No. 75 (1931) which has since been abrogated, are not authority for review under the present Court Rule No. 64 (1933); and are not to be considered authority implying that

review of actions at law shall follow the practice in equity cases with regard to the weighing of evidence by the appellate court and a trial *de novo* on review.

The confusion resulting in plaintiff's contention is perhaps explicable by a reference to the Court Rules of 1931. In the note to Court Rule No. 75 of the authorized edition of such rules, there is, in a footnote, reference made to Court Rule No. 37, § 11 (1931); and in a note appended to the latter rule, it is stated:

"The trial of a law case without a jury involves exactly the same essential procedure as the trial of an equity case, and the functions performed by the court are practically identical in both cases. There is no substantial reason why both should not be tried in the same manner and be finally disposed of in the same way. The only feature of a common-law action which ever made necessary a different procedure from that in equity, was the jury, and when the jury is absent the sole reason for diversity in practice disappears.

"The legislature, in dealing with the provision of Constitution giving rule-making power to the Supreme Court, has particularly requested the court, and has declared it to be its duty, 'by general rules to establish, and from time to time thereafter to modify and amend, the practice in such court, and in all other courts of record * * * with the view to the attainment, so far as may be practicable, of the following improvements in the practice: (1) The abolishing of distinctions between law and equity proceedings, as far as practicable.' 3 Comp. Laws 1915, § 12019 (3 Comp. Laws 1929, § 13540 [Stat. Ann. § 27.34]').

"The profession has never found any difficulty in dealing with equity cases without special findings, and when no jury is employed nothing but the accidents of historical development differentiates a case

at law from a case in equity. A uniform method of dealing with the two under such circumstances would be a great practical advantage, and as between the two methods, the simpler and less technical method of equity should obviously be chosen.

"No findings of fact or law are required or allowed under the English statutes and rules."

The fact is that there is a substantial reason why law and equity cases in Michigan are not to be disposed of on review in the same way, and that is because our Constitution provides for review by writ of error, and in review by writ of error or by appeal in the nature of a writ of error, the reviewing court cannot weigh the evidence or try the cause *de novo*. As for the procedure under English statutes mentioned in the note referred to, writs of error have been abolished in England. 15 & 16 Vict. chap. 76, § 148. See 13 Halsbury's Statutes of England, p. 144. And, therefore, there is no reason in England why review of law cases cannot be had in the manner of appeals in chancery.

We do not ignore the fact that leaders of the profession interested in procedural reform urge that review of law cases be according to the method of chancery appeal, and, in this regard, we do not overlook the recent report of the Committee on Simplification and Improvement of Appellate Practice of the Section of Judicial Administration of the American Bar Association, § 18 (1938), wherein it is said:

"The problems involved in the review of nonjury cases are essentially the same whether such cases are legal or equitable in their nature. In each type of case questions of fact are decided by the trial judge in the same way, and there is no constitutional reason why there should be any difference in regard to the conclusiveness of the decision. If questions of

fact are to be reviewed on appeal in equity cases, every reason in support of such a review applies with equal force to the review of facts in law cases tried without a jury. On the other hand, if the decision of the trial court on questions of fact is to be deemed conclusive on appeal in law cases tried by the court, the same result should follow in equity cases. In other words, it is not the distinction between law and equity which should produce differences in the mode of trial or review, but the distinction between jury and nonjury determination of questions of fact. This principle has been embodied in the new Federal rules.''

Such proposed method of review however, requires reference again to the fact that the writ of error is a constitutional writ in this State. As for the persuasive statement that the suggested principle is now embodied in the new Federal rules, it may be remarked that writs of error are not provided for in the Federal Constitution, and have been abolished by Federal statutory enactment. 45 Stat. at L. 54, chap. 14, § 1 (January 31, 1928, 28 U. S. C. A. § 861a).

While the Constitution confers a general superintending power upon the Supreme Court over all inferior courts (Const. 1908, art. 7, § 4), nevertheless, it explicitly provides that the Supreme Court shall have power to issue writs of error, *habeas corpus,* mandamus, *quo warranto, procedendo* and other original and remedial writs, and to hear and determine the same, and that in all other cases it shall have appellate jurisdiction only.

With regard to the nature of the general supervisory control conferred by the Constitution upon the Supreme Court, it is stated in 15 C. J. p. 1026, as follows:

"The Supreme Court must exercise directly conferred power in a constitutional manner, even though no rule of procedure applicable to the particular case is prescribed by statute. The supervisory powers of an appellate court are usually called into exercise by an appeal or writ of error, bill of review, or writ of certiorari, but it has been held that a general supervisory control conferred by the Constitution is a distinct power, and may be exercised to control an inferior court in respect to an act from which no appeal would lie, and for which the writs appertaining to the appellate jurisdiction furnish no remedy, although it will not be exercised when other and ordinary remedies are sufficient, or except in case of an exigency of such an extreme nature as obviously should justify the interposition of the power."

It would seem, therefore, that there is nothing in such supervisory control which would enable this court to change the function of review by writ of error to a review according to the practice in equity cases.

While the Supreme Court is vested by the Constitution with authority to regulate procedure and practice, nevertheless the rule-making powers of the Court do not extend to matters of jurisdiction and cannot be used to give new remedies or extend or curtail existing ones provided by the Constitution.

"The jurisdiction of a court as conferred by the Constitution or statute cannot be enlarged or diminished by a rule of court. * * *

"Rules of practice and procedure adopted under a practice act are strictly limited to carrying legislation into effect and cannot give new remedies or extend or curtail existing ones." 15 C. J. p. 907.

"Preponderance of the evidence" and "clear preponderance of the evidence" have quite definite and

different meanings, according to the adjudicated cases.

"In civil cases, a preponderance of evidence is all that is required, and by a 'preponderance of evidence' is meant such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that the greater probability is in favor of the party upon whom the burden rests." *Hoffman* v. *Loud*, 111 Mich. 156.

It is the trier of facts who determines whether evidence when weighed with that opposed to it has the more convincing force. The reviewing court cannot on an appeal in a law case decide the cause on the issues of which evidence has the *more convincing force*. That is a question of fact.

If, however, the judgment is against the *clear* preponderance of evidence, the question becomes one of law; such a judgment will be reviewed where it is clearly, manifestly, or palpably against the great weight of evidence. 5 C. J. S. pp. 742–749, § 1658.

If considered solely as an alternative of phrasing, the difference between "preponderance of the evidence," and "clear preponderance of the evidence" might seem to justify a criticism of too fine a verbal distinction. Nevertheless, these terms have an entirely different legal signification, and such distinctions have been generally and emphatically recognized in adjudicated cases of most jurisdictions—the first being the term governing determinations of fact on the trial of law cases and on review of chancery appeals; the other raising questions of law, on review by writ of error.

Under Court Rule No. 64 (1933), appellant may assign error that the judgment is against the preponderance of the evidence. But it is only if such an assignment be treated by this court as raising

the question of whether the judgment is against the clear "preponderance of the evidence," as that term is understood in law, that the rule can be held compliant to the Constitution.

On review of law cases, tried without a jury, we do not either retry the issues between the parties, or weigh the evidence to determine which preponderates or has the more convincing force; nor do we hear such causes *de novo,* nor determine them according to the practice in equity cases. Unless the verdict or judgment is against the clear preponderance of the evidence, it is not disturbed on appeal.

In the instant case, the testimony was in conflict. But the credibility of the witnesses and the weight of the evidence were for the trial court, and on review of the record, the judgment cannot be said to be against the clear preponderance of the evidence.

Judgment affirmed, with costs to defendant.

POTTER, J., concurred in the result.

NORTH, J.   I am in full accord with the result reached by Mr. Justice MCALLISTER on the merits of the instant case. However, notwithstanding it is not necessary to decision, he has written at length concerning the power of this court under Court Rule No. 64 (1933) to review in the manner provided in the rule determinations of controverted issues of fact on appeal in nonjury law cases. His conclusion, as I understand, is that, in so far as the rule provides that this court upon such appeals may review issues of fact for the purpose of ascertaining whether the determination of the lower court was against the preponderance of the evidence, it is unconstitutional. With such conclusion I disagree.

In his opinion my Brother states that the plaintiff "on appeal seeks to have this court weigh the evi-

dence to ascertain whether or not it preponderates in favor of plaintiff. Counsel contends that, on appeal in law cases tried before the court without a jury, the review in the Supreme Court is a trial *de novo*." My Brother concludes:

"On review of law cases tried without a jury, we do not either retry the issues between the parties, or weigh the evidence to determine which preponderates or has the more convincing force; nor do we hear such causes *de novo*, nor determine them according to the practice in equity cases. Unless the verdict or judgment is against the clear preponderance of the evidence, it is not disturbed on appeal."

How can this court determine that the judgment of the trial court is or is not "against the clear preponderance of the evidence," unless this court weighs the evidence as presented to it in the record on appeal? If my Brother's opinion could be construed to be limited by the sentence last above quoted, I could subscribe to the result reached; but unfortunately many statements in his opinion seem to me to go far beyond this limitation. In this connection he says:

"And it is clear * * * that, although this method of review (by writ of error) may be designated an appeal, such appeal does not enlarge or change the right or scope of review as heretofore existing by writ of error which brings up the record for review of errors of law and not of fact."

Clearly the above conclusion cannot be sustained if under our Constitution this court has the power to regulate its practice and procedure in the manner provided in Court Rule No. 64 (1933). The pertinent portion of the rule reads:

"Upon appeal to the Supreme Court from a judgment in an action at law tried without a jury, such

judgment may be affirmed or reversed, the cause remanded with directions, or a new trial ordered. Appellant may assign as error that the judgment is against the preponderance of the evidence.''

The issue is whether this court under the Constitution has the power to promulgate such a rule. If it has, then on appeal from a judgment in a nonjury law case, if such judgment is challenged in that particular, it is the duty of this court to determine whether ''the judgment is against the preponderance of the evidence.''

The relevant provisions of the Constitution of 1908 are found in article 7. They contain the following:

''SECTION 1. The judicial power shall be vested in one Supreme Court, circuit courts, probate courts, justices of the peace and such other courts of civil and criminal jurisdiction * * * as the legislature may establish. * * *

''SEC. 4. The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, *habeas corpus,* mandamus, *quo warranto, procedendo* and other original and remedial writs, and to hear and determine the same. In all other cases it shall have appellate jurisdiction only.

''SEC. 5. The Supreme Court shall by general rules establish, modify and amend the practice in such court and in all other courts of record, and simplify the same.

Under the above constitutional provisions all judicial power is vested in the Supreme Court and other inferior courts (art. 7, § 1) over which the Supreme Court has supervision and control (art. 7, § 4). With judicial power thus vested by the Constitution, it seems too clear for argument that the power to regulate procedure is inherently vested in the Su-

preme Court, to be exercised under its rule-making powers. The express provision of the Constitution is:

"The Supreme Court shall by general rules establish, modify and amend the practice in such court and in all other courts of record, and simplify the same." (Article 7, § 5.)

In reviewing determination of controverted issues of fact in nonjury law cases under Court Rule No. 64 (1933), we still act only as an appellate court. This we do under the constitutional provision: "In all other cases it (the Supreme Court) shall have appellate jurisdiction only." Article 7, § 4. For the purpose of exercising its powers as an appellate court, this court may inaugurate and utilize any appropriate writ or procedure as in its judgment may be deemed fit. Otherwise its plenary power granted by the Constitution to superintend and control inferior courts is restricted and does not measure up to its full constitutional investment of judicial and supervisory powers. While the Constitution provides by enumeration certain original writs which the Supreme Court has power to issue, it is worthy of note that this provision is not restricted, because the Constitution expressly gives this court power to issue "other original and remedial writs, and to hear and determine the same." But as just above noted, Court Rule No. 64 (1933) pertains solely and only to appellate procedure in the Supreme Court; and article 7, § 4, of the Constitution vests this court with plenary, supervisory and appellate powers, and section 5 gives it rule-making power to enable it to function. No provision can be found in the Constitution which forbids review in law cases by this court by appeal. This is true because the proceeding is wholly appellate, not original, and does not involve the issuance

of an original writ. But, assuming that issuance of an original writ were required on such appeals, this court by express constitutional provision is empowered to issue "other original and remedial writs."

Even if we were to concede that a review of law cases in this court is confined to the same character of review formerly obtainable by writ of error, still it does not follow that issues of fact cannot be reviewed in law cases under the court rule providing for such practice. Even when appeal in law cases was by the common-law writ of error, the long-established practice in this jurisdiction permitted review of testimony as to essential facts, if under such writ of error there was an assignment that the finding or judgment of the court was contrary to the clear or overwhelming weight of evidence. 3 Comp. Laws 1929, § 14266 (Stat. Ann. § 27.995); *Kotzke* v. *Kotzke's Estate,* 205 Mich. 184; *Hamburger* v. *Bank of Detroit,* 218 Mich. 173. Under Court Rule No. 64 (1933) in its review on appeal in nonjury law cases this court does nothing more nor less than to determine whether "the judgment is against the preponderance of the evidence," in event such an assignment of error is urged. It is difficult to conceive how this practice under the rule upon appeal differs materially from the former practice of this court upon issuance of its writ of error. This is true notwithstanding decisions almost without number can be found wherein in substance it is stated that the writ of error brings up for review only questions of law, not questions of fact. Such statements must be read and construed in connection with the following stated by my Brother MCALLISTER in his opinion:

"However, it is important to bear in mind that while the writ of error brings up for review only

errors of law, and not of fact, *a finding of fact may in itself be an error in law. Styles* v. *Tyler,* 64 Conn. 432 (30 Atl. 165); *Fernald* v. *Bush,* 131 Mass. 591; *The E. A. Packer,* 140 U. S. 360 (11 Sup. Ct. 794); *Bedlow* v. *New York Floating Dry Dock Co.,* 112 N. Y. 263 (19 N. E. 800), 2 L. R. A. 629; *Kennedy* v. *Porter,* 109 N. Y. 526 (17 N. E. 426)."

Under Court Rule No. 64 (1933) it may be said that the determination by this court of whether "the judgment is against the preponderance of the evidence" is a question of law rather than one of fact. This is true because, generally speaking, a judgment in a law case which is entered in favor of the party having the burden of proof, notwithstanding the preponderance of the evidence is to the contrary, is a judgment entered in violation of law. So viewed, the scope of the appeal provided by Court Rule No. 64 (1933) is not violative of the Constitution even under the construction adopted by my Brother.

I am quite in accord with my Brother that since the writ of error is a writ for which provision is made in the Constitution, this court could not by the exercise of its rule-making power abolish such writ nor could the legislature by statutory enactment abolish it. But in this connection it may be noted that no attempt has been made either by rule or statute to abrogate or abolish the writ of error.

In passing it may be pertinent to note that my Brother digresses from the issue under consideration when he states in his opinion:

"The question of the unconstitutionality of Court Rule No. 75 (1931) providing for review of law cases, according to the practice in equity cases, appears never to have been raised in any adjudicated cases, or otherwise brought to the attention of this court."

We are not now concerned with the well-established practice that in appealed law cases we do not

enter judgment in this court, though we may in equity appeals. The same aspect of practice in this State as we now have before us was given serious consideration by this court at the time of its decision in *Valentine* v. *Malone,* 269 Mich. 619 (97 A. L. R. 326). Mr. Justice POTTER, in a painstakingly prepared and forceful opinion, presented in a large measure the same reasons urged in support of the same contention and conclusion as is now presented by my Brother in the instant case. No other member of the court concurred with this phase of Justice POTTER's opinion, but instead decision of the case was planted on other grounds.

The phase of our practice now under consideration was inaugurated by the court rules of 1931. Unlike my Brother McALLISTER, I fail to find that Court Rule No. 75 of the 1931 Court Rules differed materially, for purposes now under consideration, from the present Court Rule No. 64 (1933). The former rule read:

"Upon appeal from a judgment rendered in an action at law tried without a jury, such judgment may be affirmed, reversed or modified, in whole or in part, and a final judgment shall be entered either by the Supreme Court or by the trial court, according to the practice in equity cases."

Court Rule No. 64 (1933), is hereinbefore quoted in part. In the 1933 rules the former provision of entering judgment in the Supreme Court in a law case "according to the practice in equity cases," was stricken, it being deemed not advisable to enter such judgments in this court; and the following was added:

"Appellant may assign as error that the judgment was against the preponderance of the evidence; but on appeals in civil cases error cannot be assigned for

total lack of evidence on a material question unless such lack of evidence has been called to the attention of the court during the trial or on motion for a new trial.''

In making the changes above noted it was not the intention of the members of this court who adopted the modified rule to lessen in any way the power of the court to review nonjury law cases as provided in the 1931 rules. It follows that, regardless of whether at the time of decision the 1931 rules were in force or the 1933 rules, in so far as pertinent to this phase of appeals, our former decisions should be given consideration. The following cases are expressive of this court's conception of the scope of its review on appeals in nonjury law cases:

"In urging that the judgment for $4,500 is excessive, appellant's counsel rely much upon the practice provided by our recently revised court rules under which the review of nonjury law cases is by hearing *de novo* in this court. * * * We have reviewed the record with care and find no reason for differing with the trial judge as to the amount of damages awarded." *Oakes* v. *Van Zomeren,* 255 Mich. 372. (Decided October 5, 1931.)

"While, under Court Rule No. 75 (1931), we may consider the case *de novo,* we are unwilling to determine the correctness of the amount of damages without some indication by the trial judge who has heard all of the testimony and seen the witnesses, of what the amount should be." *Collins* v. *Hull,* 256 Mich. 507. (Decided January 4, 1932.)

In his work on Michigan Court Rules, Judge Searl says:

"Under Court Rule No. 75 (1931), held that it was intended that nonjury cases should be heard in Supreme Court *de novo.* (Citing several cases.)''

Searl's Michigan Court Rules, (4th Ed.), Court Rule No. 64 (1933), and note.

Among the more recent cases wherein our decision clearly indicates that we accepted and proceeded under the practice provided in Court Rules No. 75 (1931) and No. 64 (1933) are the following: *Burchard* v. *Otis Elevator Co.*, 261 Mich. 142; *Sullivan* v. *Bennett*, 261 Mich. 232 (87 A. L. R. 791); *Fyan* v. *McNutt*, 266 Mich. 406; and *Bugbee* v. *Fowle*, 277 Mich. 485, in which we said:

"In reviewing law cases tried without a jury, we are not bound by the findings of fact made by the trial court but consider the record as a whole."

Much to the same effect as the above noted cases, see *Roger Angstman Co.* v. *Liggett Spring & Axle Co.*, 267 Mich. 620; *Baumgartner* v. *St. Armour*, 276 Mich. 650.

Clearly it is not wholly accurate to say that our review of a nonjury law case is *de novo*. Instead our review of the factual aspect of such a case is limited to consideration of the record on appeal for the purpose of determining whether "the judgment is against the preponderance of the evidence," if error in that particular is assigned. Such is the practice provided in Court Rule No. 64 (1933). Under the Constitution the court is invested with power by rule-making regulation to provide for such practice, and we must conclude that Court Rule No. 64 (1933) is not violative of the Constitution of this State.

It appears to me that Justice McALLISTER has wrongly indulged in the assumption that the limitations of review by writ of error are likewise the limitations of the power of this court to review proceedings had at law in an inferior court. We ought

not to be misled by erroneously assuming that review in this court of law cases has been or is by writ of error *only*. Such is not and never was the law in this State. Nowhere in the Constitution is it expressly or impliedly provided that such review is by writ of error *only*. Instead, plenary judicial power is constitutionally vested in this court, including "power to issue writs of error, *habeas corpus,* mandamus, *quo warranto, procedendo* and other original and remedial writs, and to hear and determine the same;" and in addition to such original proceedings this court also has full appellate jurisdiction over inferior courts. Const. of 1908, art. 7, § 4. Inspection of this court's earlier decisions in appeals of law cases discloses that in very many, perhaps in most, such appeals the proceedings were not by writ of error, but instead by case made. Other reviews in law cases were by mandamus, *quo warranto,* certiorari, et cetera. And in this connection it is worthy of note that in recent years reviews in law cases are not uncommonly by certiorari, notwithstanding the writ of certiorari is not mentioned in the pertinent portion of our Constitution, except as it is clearly included in "other original and remedial writs."

Nor should we erroneously assume that the provisions of Court Rule No. 64 (1933) may be extended to the review of cases tried by juries, and thereby a litigant be deprived of his constitutional right to trial by jury.* Instead, this constitutional right is and must be preserved; but it does not follow that one may not waive his constitutional right. *People* v. *Henderson,* 246 Mich. 481; *Attorney-General, ex rel. O'Hara,* v. *Montgomery,* 275 Mich. 504, 526. Court Rule No. 64 is applicable only to those cases wherein the litigants have waived a jury and submitted trial of the issues of fact to the court. It is idle to talk

---

* See U. S. Const. Am. 7; Const. 1908, art. 2, § 13.—Reporter.

about practice under this rule being extended to the review of a case tried by jury, and a litigant being thereby deprived of his constitutional right.

It should not be assumed that review of findings of fact by a trial court is limited to the same procedure as is permissible in a case tried by a jury. Certainly there is no such provision in our Constitution. Broader review of nonjury law cases than of jury cases was the prevailing practice in this court prior to 1867, and such practice has again been reestablished and has prevailed since the passage of the judicature act in 1915 (Act No. 314, Pub. Acts 1915). See 3 Comp. Laws 1929, § 14266 (Stat. Ann. § 27.995). The change of character and scope of review of nonjury law cases on appeal to this court has resulted from legislative enactments regulating practice and procedure. This is made clear if we recall the history of this phase of practice in this court.

Beginning with Act No. 179, Pub. Acts 1851 the practice on appeals in nonjury law cases specifically provided for review in this court of questions of fact as well as questions of law. This provision in the act of 1851 was reembodied in Act No. 91, Pub. Acts 1853 (See 2 Comp. Laws 1857, § 3438) and the provided practice continued until 1867, during which period the Constitution of 1850 was operative; and it may be noted that the pertinent provision of our present Constitution is the same as that of the Constitution of 1850. All during this time (1851 to 1867) on appeal to the Supreme Court in a nonjury law case the findings of fact of the trial judge, as well as his determination of questions of law, were reviewable. In the act of 1853 it is provided:

"Section 1. That all issues of law shall be tried by the court, and all the issues and questions of fact shall be tried by the court, unless a jury be demanded

by one of the parties, in a manner prescribed by the rules of court.  * * *

"Sec. 4.    Either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may, within such time as shall be prescribed by the rules of court, make a bill of exceptions, in the same manner, and with the same effect as upon a trial by a jury, or a case, containing so much of the evidence as may be material to the question to be raised."

The noted statutory provisions governing the practice on appeal of nonjury law cases were followed by this court until 1867.  The decisions of this court for that period are reported in volumes 2 to 15 of the Michigan Reports.  In an early review by this court of a nonjury law case on case made, the following is appended to the court's opinion and seems to be a part thereof:

"The position of the case in this court is similar to that of a case heard in chancery on pleadings and proofs, and appealed to this court.  The facts are supposed to be all before the court, and the decision upon them (by the Supreme Court) disposes of the case."  *Barman* v. *Carhartt,* 10 Mich. 338.

Among other nonjury law cases which were appealed to this court for review of controverted issues of fact during this period (1851 to 1867) the following, in addition to the one just above cited, may be noted: *Rose* v. *Lewis,* 10 Mich. 483; *King* v. *Moore,* 10 Mich. 538; *Brown* v. *Cady,* 11 Mich. 535, and *Gray* v. *Howard,* 12 Mich. 171.

Following the practice established during the period above covered, this phase of the law was changed by Act No. 142, Pub. Acts 1867.  By this legislation the 1853 provision for "review upon the evidence  * * *  of questions of fact," was deleted.

The practice thus changed on appeals in nonjury law cases was closely followed by this court until 1915. It is because of the statutory change made in this type of appeals that during the long period from 1867 to 1915 the decisions of this court in reviewing nonjury cases, as well as jury cases, are confined to consideration of questions of law. Hence such decisions are of no persuasive force whatever as tending to sustain the contention that they are indicative of constitutional interpretation or that this court is without power on appeals in nonjury law cases to review determination of issues of fact.

In 1915 the judicature act was passed, and again the practice on appeals in nonjury law cases was changed and broadened. The section of the judicature act (Act No. 314, chap. 18, § 15, Pub. Acts 1915, as amended by Act No. 276, Pub. Acts 1929), which is of like purport as of Act No. 91, § 4 Pub. Acts 1853, reads:

"In cases where the court files written findings of fact or answers to special questions either party may file exceptions to such findings of fact or answers, on the ground, that such findings or such answers are against the clear weight of the evidence, and may assign error upon such exceptions, and if an appeal be taken, the same shall be reviewed by the Supreme Court." 3 Comp. Laws 1929, § 14266 (Stat. Ann. § 27.995).

Since the enactment of this statute, the uniform practice of this court in reviewing nonjury law cases has been broadened and of a character that was not obtainable under the former practice, in that we have reviewed the testimony in nonjury law cases and determined whether the decision of the trial judge on controlling issues of fact was against the clear preponderance of the evidence. I know of no decision

of this court since 1915 holding to the contrary. Many of our decisions rendered since 1915 disclosing that on appeal in nonjury cases we have reviewed the testimony to ascertain whether decision of the trial judge was "against the clear weight of the evidence" might be cited, among them *Dows* v. *Schuh*, 206 Mich. 133; *Standard Pickle Co.* v. *Railway Co.*, 222 Mich. 639; *Kriss* v. *Field*, 241 Mich. 42, and *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111).

It all comes to this: These changes in the scope of our review on appeals of nonjury law cases have been in accord with and due to changes in the statutory regulations of such reviews. The decisions from 1867 to 1915 which hold that this court did not then review issues of fact on appeals in nonjury cases do not tend to sustain the contention that our constitutional power to review issues of fact decided by a trial judge is limited to our right to review on writ of error findings of fact by a jury.

On this phase of the law, which has been needlessly injected into the instant case, the sole question is this: Has this court the right and power under the Constitution to review nonjury law cases in the manner and to the extent provided in Court Rule No. 64 (1933). It seems clear that under the sections of the Constitution quoted in the earlier part of this opinion, this court has that right and power; and it follows that the rule is not unconstitutional.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE and CHANDLER, JJ., concurred with NORTH, J.