## NIVA v. FREDRICKSON.

1. APPEAL AND ERROR—NONJURY CASES—QUESTIONS FOR TRIER OF FACT—PREPONDERANCE OF EVIDENCE.

> The sole question presented to the Supreme Court on appeal from a trial court's determination of an issue of fact in a nonjury case is whether the trial judge's findings of fact are against the preponderance of the evidence.

2. EJECTMENT—BURDEN OF PROOF—EVIDENCE.

> Trial court's finding that plaintiff in ejectment action had failed to sustain his burden of proof as to title of 8-foot disputed strip of land between two 100-foot lake-front lots deeded by common grantor *held*, not against the preponderance of the evidence, where plaintiff did not present preponderating proof that the adjoining owners either agreed upon or legally acquiesced in a common boundary line, plaintiff failed to prove title to the disputed strip by adverse possession and the proofs show grantor intended to convey only 100 feet of lake frontage.

Appeal from Houghton; Brennan (Leo J.), J. Submitted October 8, 1958. (Docket No. 14, Calendar No. 47,593.) Decided January 12, 1959.

Ejectment by John Wilbert Niva against August Fredrickson in respect to boundary between resort property lots and affecting frontage on lake. Judgment for defendant. Plaintiff appeals. Affirmed.

*John R. Ryan* (*Donald W. MacQueen*, of counsel), for plaintiff.

*John D. Shea*, for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 817.
[2] 18 Am Jur, Ejectment §§ 104, 115.

Black, J.   This action of ejectment was tried to the court.   The trial judge found plaintiff's proof of title insufficient.   Judgment entered for defendant. Plaintiff appeals.

The record portrays a typical dispute between adjoining landowners respecting location of a common boundary.   The issue is one of fact, exclusively so.   Accordingly, our appellate position considered (*Jones* v. *Eastern Michigan Motorbuses,* 287 Mich 619; *Hayes Construction Co.* v. *Silverthorn,* 343 Mich 421; *Barnes* v. *Beck,* 348 Mich 286), the sole question is whether the findings of the trial judge are "against the preponderance of the evidence."

The involved adjacent parcels are rectangular in shape.   They extend east and west the long way.* Each fronts to the west upon the easterly shore of Houghton county's Portage lake.   Plaintiff's parcel is known as lot 13.   Defendant's parcel is known as lot 14.   Lot 14 is the northernmost lot.   The controversy, as one might suspect, lies at the west end of the 2 lots and involves the amount of lake frontage each lot provides.

.   Both parties claim title through a common grantor, one Nara.   Nara deeded lot 13 to plaintiff's father in May of 1920.   Plaintiff claims record title by such deed.   Nara deeded lot 14 to defendant within a few days after having deeded lot 13.   The descriptions set forth in the 2 deeds disclose fair intention of the grantor that each parcel front 100 feet on the lake and that the east-west boundaries of the parcels parallel each other.†   Such disclosed intention is, in our

---

* The longitudinal position of the 2 adjacent parcels is not due east-west.   However, for ready understanding, we shall refer to the parcels as being laid out, longitudinally, generally from east to west.

† Nara's deed to plaintiff's father describes lot 13 as follows:

"Commencing from the north boundary line of Lot 12, *thence north along the shore of Portage Lake 100 feet;* thence 285 feet from the water line of Portage lake in a northeasterly direction towards the main road; thence 100 feet in a southeasterly direction to the north boundary line of said Lot No. 12; thence 285 feet west along the

view, decisive of the pivot issue tried below, that is, whether this plaintiff in ejectment is or is not "owner of a parcel of land 108 feet wide" (along the shore) per allegation of his declaration.

Plaintiff testified:

"*Q.* You are familiar with the description on the original deed?

"*A.* I am fairly familiar.

"*Q.* And that is 100 feet in width?

"*A.* All together 100 feet.

"*Q.* The original description calls for 100 feet of land?

"*A.* That's the general description.

"*Q.* Was that from Nara to your father?

"*A.* That's the way it is recorded.

"*Q.* As late as 1951 you received that land from the estate of your father, and it also called for that description?

"*A.* True.

"*Q.* Are you now contending that you have more than 100 feet there?

"*A.* Yes, sir.

"*Q.* On what basis?

"*A.* The basis of the lay of the land and the present measurements."

The trial judge, in a carefully considered opinion, reviewed and analyzed the testimony of each witness sworn in the case. His opinion is lengthy. Having compared it with the appendices and designated portions of the transcript, we find no profit for the profession in further or general summary of the

---

boundary line of said Lot No. 12 down to the shore of Portage lake to the point of beginning."

Nara's deed to defendant describes Lot 14 as follows:

"Commencing from the north boundary line of Lot No. 13, *thence north along the shore of Portage lake 100 feet;* thence 285 feet from the water line of Portage lake in a northeasterly direction towards the main road; thence 100 feet in a southeasterly direction to the north boundary line of said Lot No. 13; thence 285 feet west along the boundary line of said Lot No. 13 down to the shore of Portage lake, to the point of beginning." (Emphasis supplied.)

evidentiary presentation. Sufficient for our appellate function are 3 amply supported conclusions of fact, each of which bolsters Judge Brennan's opinion that plaintiff failed to carry his burden of proving title to the disputed strip. The first is that plaintiff has offered no preponderating proof that the adjoining owners either agreed upon or did legally acquiesce in a common boundary line. The next is that plaintiff failed utterly to sustain his allegation of title to the disputed strip by adverse possession. The last is that plaintiff wants but should not get more than the 100 feet of lake frontage grantor Nara intended to convey by the first-mentioned deed of 1920.

Affirmed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.